DAVID R. M. WILLIAMS, Judge.
Plaintiff, Donald Costello, appeals a judgment which sustained an exception of prescription filed by defendant, American Casualty Company of Reading, PA, and dismissed plaintiff’s uninsured motorist claim. The suit, plaintiff’s second suit *1143 against defendant on the same cause of action, was filed after the first suit had been dismissed without prejudice “for failure to permit discovery” and more than two years after the alleged accident giving rise to plaintiffs claim against the insurer. The sole issue before this Court is whether the interruption of prescription resulting from the filing of the first suit is considered never to have occurred for “fail(ure) to prosecute the suit at the trial” under LSA-C.C. art. 3463, where that suit was dismissed at a show cause hearing for “failure to permit discovery.” For the reasons assigned, we reverse the judgment of the trial court and remand for further proceedings.
There is no dispute that on July 1, 1985, plaintiff filed an uninsured motorist claim against defendant alleging that on or about July 1, 1984 he was involved in a hit and run accident with an unidentified driver. On motion of defendant, the trial court dismissed that suit at a show cause hearing on April 21, 1987 for “failure to permit discovery.”
Plaintiff obtained new counsel after the judgment of dismissal and filed the instant suit on April 20, 1988, the second suit against defendant on the same cause of action. Defendant filed an exception of prescription, claiming that the first lawsuit did not interrupt prescription during the time it was pending because that suit was dismissed and the parties were placed in the same position as if suit had never been filed. The trial court maintained defendant’s exception and dismissed plaintiffs second suit with prejudice. Plaintiff filed this appeal.
It is undisputed that the 1985 suit was timely under LSA-R.S. 9:5629, which provides a two year prescriptive period in which to file an uninsured motorist claim. Clearly, the filing of that suit interrupted prescription. LSA-C.C. art. 3462.[1]
LSA-C.C. art. 3463 provides the duration of and exceptions to the interruption of prescription. That article states:
An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at the trial. [Emphasis added.]
“An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years_” LSA-C.C.P. art. 561. Thus, under Louisiana law, plaintiff did not abandon the suit. Further, it is clear that plaintiff did not voluntarily dismiss the suit, the judgment of dismissal having been signed without plaintiffs concurrence on motion of defendant. The question then becomes whether dismissal on a rule for “failure to permit discovery” constitutes failure of the plaintiff “to prosecute the suit at the trial.” We hold that it does not.
The precise issue presented in this case is res nova in Louisiana. We begin by noting that prescriptive statutes are to be strictly construed to permit the action and, when there are two permissive interpretations of a prescriptive statute, courts should adopt the one which would maintain rather than bar the action. Foster v. Breaux, 263 La. 1112, 270 So.2d 526, 529 (1972).
Under Article 3463, interruption is considered never to have occurred if plaintiff “fails to prosecute the suit at the trial.” [Emphasis added.] In the instant case, the first lawsuit was dismissed after a pre-trial hearing for failure of the plaintiff to permit pre-trial discovery. Although “fail(ure) to prosecute the suit at the trial” might reasonably be construed to include a litigant’s failure to appear at a hearing which is dispositive of the case on the merits, e.g., a hearing on a motion for summary judgment or an exception of no cause of action, we hold that it does not encompass *1144 a litigant’s failure to comply with pre-trial procedure such as discovery, which is not dispositive on the merits. Thus, Article 3463 is not applicable to the instant case. See also McCallon v. Travelers Insurance Co., 302 So.2d 676 (La.App. 3d Cir.1974) [Court distinguished “abandonment” and “voluntary dismissal” from “failure to prosecute at trial”].
Defendant cites three federal cases in support of its argument that the interruption of prescription was nullified by dismissal of the first lawsuit and that the second lawsuit had therefore prescribed. Hilbun v. Goldberg, 823 F.2d 881 (5th Cir.1987), cert. den. 485 U.S. 962, 108 S.Ct. 1228, 99 L.Ed.2d 427; Owens v. Weingarten’s Inc., 442 F.Supp. 497 (W.D.La.1977); Andry v. Maryland Casualty Co., 244 F.Supp. 143 (E.D.La.1965). These cases are inapposite.
In Hilbun, plaintiff timely filed suit alleging breach of contract arising in March, 1984 when defendant auctioneer allegedly sold goods below the price specified by plaintiff. On March 27, 1985, that suit was dismissed without prejudice for plaintiffs failure to prosecute under Fed.R.Civ.P. 41(b).[2] On May 8, 1985, just over one year after the occurrence giving rise to the suit, plaintiff filed a second suit against defendant, this time claiming tortious conversion of personal property. Defendant’s motion to dismiss the second complaint based on prescription was denied. A jury entered a verdict for plaintiff. Defendant appealed and again asserted prescription. The issue before the court was “what effect the dismissal of (the contract) action under Fed.R.Civ.P. 41(b) for failure to prosecute (had) on the viability of (plaintiff’s) second complaint for tortious conversion.” The court analogized Fed.R.Civ.P. 41(b)’s “failure to prosecute” to “abandonment” under LSA-C.C. art. 3463, but with a shorter time limitation than is provided in LSA-C.C.P. art. 561. The court found that the difference in federal and state time limitations for abandonment was not fatal to the analogy because federal courts can establish their own procedural rules for control of their dockets. Judgment was entered for defendant. Because Hilbun equated “failure to prosecute” under Fed.R.Civ.P. 41(b) with “abandonment” under LSA-C.C. art. 3463, that case is not applicable here.
Similarly, in Owens v. Weingarten’s Inc., the court considered the interruption of prescription never to have occurred where the first suit was dismissed for plaintiff’s failure to prosecute under Local Court Rules — Western District, Rule 14, which did not specify failure to prosecute “at the trial.”[3]
Finally, Andry v. Maryland Casualty Co. is distinguishable on the fact that plaintiff’s first suit was dismissed without prejudice on plaintiff’s own motion.
For the foregoing reasons, we hold that dismissal of plaintiff’s suit without prejudice for “failure to permit discovery” did not nullify the interruption of prescription under LSA-C.C. art. 3463. Accordingly, the judgment of the trial court is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.

. LSA-C.C. art. 3462 provides, in pertinent part:
Prescription is interrupted ... when the ob-ligee commences action against the obligor, in a court of competent jurisdiction and venue.

. Fed.R.Civ.P. 41(b) reads, in pertinent part:
For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.

. Rule 14 has since been amended and redesig-nated as ULLR — Rule 11.02W, effective May 15, 1989.