TOBIAS, J.
The plaintiffs/appellants, Herbert and Amy Williams, appeal from a judgment dismissing their lawsuit against defendants/appellees, State Farm Mutual Automobile Insurance Company (“State Farm”) and Corlis Louper, on the basis of pre *783 scription. For the following reasons, we reverse the judgment.
Herbert Williams alleges that he was injured in an automobile accident on 13 January 2000 with defendant Corlis Lou-per. On 12 January 2001, Herbert and Amy Williams filed suit against Louper and his insurer, State Farm, in First City Court for the City of New Orleans. State Farm was provided its first notice of the suit by a courtesy copy of the petition on 6 July 2001; however, Louper was not served with the citation and petition until 6 November 2002.
Once the petition was finally served, defendants filed a motion to dismiss the suit due to plaintiffs’ failure to timely serve the citation and petition pursuant to La. C.C.P. art. 1201(C).[1] The suit was dismissed without prejudice on 20 February L2003. It is alleged that the trial court concluded that the plaintiffs were without “good cause” in failing to meet the affirmative burden to ensure timely service of the citation and petition.[2]
On 21 May 2003, the plaintiffs filed a second petition for damages against State Farm and its insureds in First City Court; the case was assigned to a different section of court than the first. After service, the defendants filed a peremptory exception of prescription arguing that the petition was prescribed on its face. The plaintiffs opposed the motion, contending that because the filing of the first petition interrupted prescription, the second suit filed three months later was timely. The defendants responded that no interruption occurred under La. R.S. 9:5801, which provides as follows:
Notwithstanding the provisions of Civil Code Article 2324(C), interruption is considered never to have occurred as to a person named as a defendant who is dismissed from a suit because service of citation was not timely requested and the court finds that the failure to timely request service of citation was due to bad faith. Nonetheless, as to any other defendants or obligors, an interruption of prescription, as provided in Civil Code Article 3463, shall continue.
| ¡¡The plaintiffs further opposed the exception arguing that the first court did not specifically find that they were in bad faith and that case law has distinguished “good cause” from bad faith.
The trial court granted the peremptory exception of prescription and entered judgment in favor of the defendants on 7 January 2004. This appeal followed.
The plaintiffs argue that the trial court erred in dismissing their lawsuit because the filing of the first petition interrupted prescription. They further maintain that once the suit was dismissed, the prescriptive period of one year began to run anew and, thus, the second petition filed three months later was timely.
*784 On the other hand, the defendants point to La. R.S. 9:5801, and contend that there was no interruption because, in dismissing the lawsuit, the trial court had to have found bad faith in that no other reason existed to dismiss the case.
La. C.C. art. 3462 provides:
Prescription is interrupted when ... the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.
La. C.C. art. 3463 provides:
An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at the trial.
^Finally, La. C.C. art. 3466 provides:
If prescription is interrupted, the time that has run is not counted. Prescription commences to run anew from the last day of interruption.
There is no question but that the first suit filed by the plaintiffs interrupted prescription and that prescription remained interrupted from 12 January 2001 until 21 February 2003.[3] In addition, the defendants concede that without the bad faith required in La. R.S. 9:5801, the plaintiffs’ claims have not prescribed. Therefore, the sole issue is whether the second trial court found that the plaintiffs were in bad faith when granting the exception of prescription and/or evidence of bad faith is found in the record.
We were faced with a similar issue in Futrell v. Cook, 00-2531 (La.App. 4 Cir. 12/19/01), 805 So.2d 325, wherein we stated:
The plaintiffs next argue that the trial court erred in maintaining the exception of prescription absent a finding that the plaintiffs acted in bad faith. The reversal of the granting of an exception of prescription requires a finding of manifest error. See Davis v. Hibernia National Bank, 98-1164 (La.App. 4 Cir. 2/24/99), 732 So.2d 61, 63, writ denied, 99-0897 (La.9/3/99), 747 So.2d. 536. We find merit in the plaintiffs’ argument, not because the trial judge failed to state that he found evidence of bad *785 faith, but because the record does not support a finding of bad faith which is a prerequisite to maintaining the exception of prescription.
The portion of the judgment that maintained the defendants’ exception of prescription was based upon La. R.S. 9:5801. This statute provides:
Notwithstanding the provisions of Civil Code article 2324(C), interruption is considered never to have occurred as to a person named as a defendant who is dismissed from a suit because service of citation was not timely requested and the court finds that the failure to timely request service of citation was due to bad faith.
Nonetheless, as to any other defendants or obligors, an interruption of prescription, as provided in Civil Code article 3463, shall continue. (Emphasis added.)
The defendants argue that a plaintiffs required showing of “good cause” under La.Code Civ. P. art. 1672(C) equates with a court’s finding of “bad faith” needed in La. R.S. 9:5801. We find no basis for this argument in reason or the law. Because the hearing on the exceptions is not contained in the record, we do not know if the trial court addressed the issue of bad faith. Clearly, the statute requires that the trial court had to have made such a factual finding to grant the exception of prescription. Our review of the record, however, convinces us that the trial court clearly erred in maintaining this exception. The record as it currently exists supports no finding of bad faith on the part of the plaintiffs or their counsel, only mistake or inadvertence.
Id. at pp. 5-6, 805 So.2d at 328-29. [Emphasis added.]
The defendants admit that the trial court’s ruling does not specifically refer to “bad faith.” However, they contend that the trial court must have found bad faith because that was the only issue before the court and the phrase “bad faith” is | fifound in the transcript no less that six times. The plaintiffs counter that the trial court itself did not utter the phrase “bad faith” and the record contains no evidence of bad faith on their part. We agree.
A thorough review of the appellate record reveals no evidence that explains why timely service of the first citation and petition was' not effected on the defendants. Thus, this court cannot conclude that bad faith existed for the plaintiffs’ failure to serve the defendants in a timely manner. Although the record contains a transcript of the hearing on the prescription exception, the trial court focused not on the reasons for untimely service, but on the time taken by the plaintiffs to file the second suit.
THE COURT:
But you don’t know. My question to you before was “Why did it take you so long to re-file it and what happened after that?” I think you still had a little bit of time. When I looked over the record there was at least another — they left with an initial prescriptive period which you could have re-filed because it was dismissed without prejudice.
That’s why I asked why didn’t y’all just re-file it and request service at that time? And why did it take another three months or fifty days whatever that amount is?
MR. EDMOND:
I would would [sic] of had another full prescriptive period after that time — the three months I think. It’s not.so much time, but we had another full year at that point for failure to dismiss without prejudice.
*786 THE COURT:
That’s the part that’s up for argument, though. Counsel, I’m going to take it under advisement and I will have a ruling for you by tomorrow. Thanks to both of you.
|7Based on a reading of the record, it is obvious that the trial court did not dismiss the second petition because it found bad faith on the part of the plaintiffs. Consequently, without evidence of bad faith, the petition filed on 21 May 2003 is not prescribed.
Based on the above, we reverse the trial court and set aside the judgment dismissing the plaintiffs’ claims. The case is remanded to the trial court for further proceedings.

REVERSED AND RENDERED; REMANDED.

. La. C.C.P. art. 1201(C) provides in pertinent part:
C. Service of the citation shall be requested on all named defendants within ninety days of commencement of the action.

. Although the parties seem to agree that the trial court concluded that no "good cause” existed for the untimely service, this conclusion is not contained in the judgment issued by the court or in the reasons for judgment. However, pursuant to La. C.C.P. art. 1672(C)("A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C), upon contradictory motion of that person or any party or upon the court’s own motion, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time,” [emphasis added]), we assume this conclusion was made.

. See, Batson v. Cherokee Beach and Campgrounds, Inc., 530 So.2d 1128, 1130-31 (La. 1988), where the Supreme Court stated:
A civil action is "commenced by the filing of a pleading presenting the demand....” La.Code Civ. P. art. 421. Therefore, if what is filed can be classified as a "pleading presenting the demand,” prescription will be interrupted whether or not the original pleading sets forth a cause of action. Prescription is continually interrupted while the suit is pending, as long as the suit was commenced in a court of competent jurisdiction and venue and plaintiff does not abandon, voluntarily dismiss or fail to prosecute the suit at trial. La. Civ.Code arts. 3462 and 3463. If prescription has been interrupted and the suit is subsequently involuntarily dismissed without prejudice, the prescriptive period begins to run anew and plaintiff has the full prescriptive period to commence the new action. If prescription has been interrupted and the suit is subsequently involuntarily dismissed with prejudice, then the interruption of prescription will be immaterial because of res judi-cata. [Footnotes omitted; emphasis supplied.]
See also, Costello v. American Cas. Co. of Reading, PA., 562 So.2d 1142 (La.App. 4 Cir. 1990).