FREDERICKA HOMBERG WICKER, Judge.
 

 |2This appeal arises out of a civil proceeding. The trial court rendered judgment sustaining an exception of prescription in favor of defendants/appellees Robert Monteforte, Monteforte’s Roofing and Siding, and Bankers Insurance Company. For the foregoing reasons, we affirm.
 

 The relevant facts are these. At some point during the summer of 2005, the home of plaintiffs/appellants Katrina Wyman and Jason Wyman was damaged by fire.
 
 [1]
 
 The appellants signed a contract with Robert Monteforte and Monteforte’s Roofing and Siding to repair their roof, which had incurred significant damage in the fire. On July 29, 2005, the roof collapsed, exposing a large portion of the appellants’ home to the elements. The appellants allege that their home sustained significant damage one month later in Hurricane Katrina due to the collapsed roof.
 

 On July 28, 2006, the appellants sued Dupepe Construction Company, Monte-forte’s Roofing and Siding, Robert Monte-forte, U.S.A.A. Insurance Company, and Bankers Insurance Company (“Wyman I”). In the Wyman I ^petition, the appellants alleged that Robert Monteforte and Monteforte’s Roofing and Siding negligently placed an excessive load of roof tiles, equipment, and other material on their roof, which in turn created an excessive point load and caused the roof to collapse. On February 9, 2007, the appellants requested service on Robert Monteforte, Monteforte’s Roofing and Siding, and Bankers Insurance Company. Robert Monteforte and Monteforte’s Roofing and Siding filed a Motion for Involuntary Dismissal on June 6, 2007. In the memorandum accompanying the motion, the moving parties argued that involuntary dismissal was proper because the appellants failed to serve the petition within ninety days as
 
 *788
 
 required by La. C.C.P. art. 1201 C.
 
 [2]
 
 The trial court granted the motion and ordered that Wyman I be dismissed without prejudice on June 14, 2007.
 

 On July 17, 2007, the appellants again sued Dupepe Construction Company, Monteforte’s Roofing and Siding, Robert Monteforte, U.S.A.A. Insurance Company, and Bankers Insurance Company (“Wy-man II”). In Wyman II, the appellants again alleged that Robert Monteforte and Monteforte’s Roofing and Siding negligently placed an excessive load of roof tiles, equipment, and other material on their roof, which created an excessive point load and caused the roof to collapse. The Wy-man II petition did not allege that Wyman I had been filed on July 28, 2006, nor did it allege that Wyman I had been involuntarily dismissed on June 6, 2007. On August 21, 2007, Robert Monteforte and Monte-forte’s Roofing and Siding filed an exception of prescription alleging that the appellants’ claims were prescribed pursuant to La. C.C. arts. 3492 and 3493. On August 29, 2007, |4Bankers Insurance Company similarly filed an Answer and Exception alleging that the claims asserted in Wy-man II had prescribed.
 

 The exceptions filed by Robert Monte-forte, Monteforte’s Roofing and Siding, and Bankers Insurance Company came on for hearing on November 5, 2007. At the hearing, the appellees argued that because Wyman I had been filed on the last possible day before prescription ran, the appellants only had one day after Wyman I was involuntarily dismissed to file Wyman II. The appellees further argued that Wyman II was prescribed because it was filed approximately thirty-two days after Wy-man I was involuntarily dismissed. Neither the appellants nor the appellees introduced any evidence confirming that Wyman I had been involuntarily dismissed on June 14, 2007.
 

 The trial judge agreed with the appel-lees, noting in his written reasons that the appellants had “a day, maybe two” to file Wyman II after Wyman I had been involuntarily dismissed. On January 19, 2008, the trial court granted exceptions of prescription as to Robert Montefore, Monte-fore’s Roofing and Siding, and Bankers Insurance Company. The trial court also dismissed Wyman II with prejudice. This timely appeal followed.
 

 The appellants assign a single error to the proceedings below, namely, that the trial court erred in granting the appellees’ exceptions of prescription. More specifically, the appellants argue that the filing of Wyman I on July 28, 2006 interrupted prescription and that the prescriptive period began to run anew on July 17, 2007, the day Wyman I was involuntarily dismissed. The appellants further argue that Wyman II was not prescribed because it was filed within a year of July 17, 2007.
 

 Prescription runs against all persons unless an exception is established by legislation. La. C.C. art. 3467. La. C.C. art. 3492 provides that “[djelictual factions are subject to a liberative prescription of one year. This prescription commences to run
 
 *789
 
 from the day injury or damage is sustained.” When damage is caused to immovable property, the one year period commences to run from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage. La. C.C. art. 3493.
 

 Jurisprudence has recognized three theories upon which a plaintiff may rely to establish that prescription has not run; suspension, interruption and renunciation.
 
 See, e.g., Lima v. Schmidt,
 
 595 So.2d 624, 628 (La.1992). In the instant ease, the appellants rely upon interruption. Prescription can be interrupted in several ways, including filing suit.
 
 See
 
 La. C.C. art. 3462 (“[prescription is interrupted when the owner commences action ... in a court of competent jurisdiction and venue”). An “interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue ... continues as long as the suit is pending.” La. C.C. art. 3463. However, “[¿Interruption is considered never to have occurred if the plaintiff abandons [or] voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter.”
 
 Id.
 
 When prescription is interrupted, it commences to run anew from the last day of interruption. La. C.C. art. 3466.
 

 There are several Louisiana cases with factual situations similar to the instant case. For example, in
 
 Williams v. State Farm Mut. Auto. Ins. Co.,
 
 2004-2182 (La.App. 4 Cir. 5/18/05), 904 So.2d 782, 783, the plaintiff alleged that he had sustained an injury in an automobile accident on January 13, 2000. The plaintiff filed suit on January 12, 2001; the last possible day before prescription ran under La. C.C. art. 3492. The defendants did not receive service of the petition until November of 2002.
 
 Id.
 
 After receipt of service of the petition, the defendants filed a motion for involuntary dismissal due to the plaintiffs failure to timely serve | fithe citation and petition within ninety days pursuant to La. C.C.P. art. 1201(C).
 
 Id.
 
 The trial judge dismissed the plaintiffs suit without prejudice on February 20, 2003, and the plaintiff filed a second petition on May 21, 2003.
 
 Id.
 
 The defendants filed an exception of prescription, alleging that the petition was prescribed on its face. The exception was granted by the court and judgment was entered in favor of the defendants.
 
 Id.
 

 On appeal, the
 
 Williams
 
 plaintiff argued that the filing of the first suit interrupted prescription and that once the suit was involuntarily dismissed, the prescriptive period began anew.
 
 Id
 
 at 784. The Louisiana Fourth Circuit Court of Appeal agreed, and reversed. The Fourth Circuit concluded:
 

 Prescription is continually interrupted while the suit is pending, as long as the suit was commenced in a court of competent jurisdiction and venue and plaintiff does not abandon, voluntarily dismiss or fail to prosecute the suit at trial. La. Civ.Code arts. 3462 and 3463. If prescription has been interrupted and the suit is subsequently involuntarily dismissed without prejudice, the prescriptive period begins to run anew and plaintiff has the full prescriptive period to commence the new action. If prescription has been interrupted and the suit is subsequently involuntarily dismissed with prejudice, then the interruption of prescription will be immaterial because of res judicata.
 

 Id.
 
 (emphasis in original).
 

 Such is the case here. The alleged negligence on the part of Robert Monteforte and Monteforte’s Roofing and Siding took place on July 29, 2005. On July 28, 2006, Wyman I was timely filed within the one year prescriptive period of La. C.C. art. 3492. Wyman I was involuntarily dis
 
 *790
 
 missed without prejudice on June 14, 2007, therefore, the one year prescriptive period began to run anew on that date. Accordingly, Wyman II was timely filed on July 17, 2007.
 

 Even though the claims advanced in Wyman II were not prescribed, we are constrained to affirm the judgment of the trial court. The Wyman II petition alleges that on July 29, 2005, Robert Monteforte and Monteforte’s Roofing and |7Siding negligently placed an excessive load of roof tiles, equipment, and other material on the appellants’ roof, which caused the roof to collapse. Wyman II was filed on July 17, 2007. The Wyman II petition did not allege that Wyman I had been filed on July 28, 2006, nor that Wyman I had been involuntarily dismissed on June 6, 2007. Thus, Wyman II is prescribed on its face. Ordinarily, the burden of proof is on the party pleading prescription. However, when the petition of the nonmoving party has prescribed on its face, the burden shifts to the nonmoving party to prove that the claim has not prescribed.
 
 See, e.g., Rizer v. American Surety and Fidelity Ins. Co.,
 
 95-1200 (La.3/8/96), 669 So.2d 387.
 

 At the trial of an exception of prescription, “evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.” La. C.C.P. art. 931. In the absence of evidence indicating otherwise, an exception of prescription must be decided on the facts alleged in the petition, which are accepted as true.
 
 Waguespack v. Judge,
 
 04-0137 (La.App. 5 Cir. 6/29/04), 877 So.2d 1090;
 
 Cichirillo v. Avondale Industries, Inc.,
 
 2004-2984 (La.11/29/05), 917 So.2d 424. Evidence not properly and officially offered and introduced cannot be considered on appeal, even if the evidence is physically placed in the record.
 
 See, e.g., Ray Brandt Nissan v. Gurvich,
 
 98-634 (La.App. 5 Cir. 1/26/99), 726 So.2d 474, 476. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal.
 
 Id.
 
 Appellate courts are courts of record and may not review evidence that is not in the appellate record, or review new evidence. La. C.C.P. art.
 
 2164; B.W.S., Jr. v. Livingston Parish School Board,
 
 02-1981, p. 2 (La.8/16/06), 936 So.2d 181, 182 (per curiam).
 

 The record reflects that the appellants introduced no evidence confirming Wyman I’s existence at the hearing on the exception. This Court must therefore ^accept as true the facts alleged in the petition, which indicate that the appellants’ claims have prescribed. The appellants introduced no evidence into the record which would otherwise dispute the facts alleged on the face of their petition. We cannot consider any evidence not properly and officially offered and introduced into the record. Accordingly, the appellants have not met their burden of proof, and we find that the trial court properly granted the exception of prescription.
 

 For the foregoing reasons, the judgment of the trial court is affirmed. Costs to be paid by appellant.
 

 AFFIRMED.
 

 [1]
 

 . The record does not indicate on which specific day this occurred.
 

 [2]
 

 . La. C.C.P. art. 1201(C) states:
 

 Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing. The defendant may expressly waive the requirements of this Paragraph by any written waiver. The requirement provided by this Paragraph shall be expressly waived by a defendant unless the defendant files, in accordance with the provisions of Article 928, a declinatory exception of insufficiency of service of process specifically alleging the failure to timely request service of citation.