AYRES, Judge.
This is an action in tort wherein plaintiff seeks to recover of the defendant dam *209 ages allegedly occasioned by the extrajudicial and wrongful taking and repossession, on June 14, 1969, of a truck under lease to plaintiff by defendant. To plaintiff’s action, defendant urged pleas of prescription of one year under LSA-C.C. Art. 3536 and of res judicata as defined in LSA-C. C. Arts. 2286 and 3556 (31). From a judgment sustaining these pleas, plaintiff appealed.
Defendant-appellee has moved in this court for a dismissal of the appeal for the alleged failure to take and perfect the appeal within the 90-day delay prescribed therefor by LSA-C.C.P. Art. 2087. Resolution of the question presented is dependent upon whether the commencement of the aforesaid delay began at the expiration of the 3-day period allowed after the signing of the judgment or from the date a so-called “second” motion for a new trial was overruled. If the delay is computed from the expiration of the 3-day period following the signing of the judgment, the appeal would not be timely. On the other hand, if the computation begins from the overruling of the “second” motion for a new trial, it must be concluded from the facts established in this record that the appeal was timely taken and perfected.
The minutes of the court pertaining to this action reflect that the defendant, Auto For Rent, Inc., filed peremptory pleas of prescription and of res judicata on April 13, 1971. These pleas were regularly called up for trial and sustained on April 19, 1971. A motion for a new trial of the pleas was filed by plaintiff-appellant on April 22, 1971, prior to the signing of a formal judgment on April 26, 1971. Immediately following the signing of the judgment, defendant called up the motion for a new trial for argument, which was then argued, submitted, and overruled.
A “second” motion for a new trial was filed on April 28, 1971, that is, on the second day following the signing of the judgment. Neither objection nor protest was made or raised to its filing or calling up for trial, nor to its submission to the court for a decision. After having been called up for argument and submitted on May 17, 1971, the motion was overruled by the court. By a formal order of the court dated August 13, 1971, plaintiff was granted a devolutive appeal in this cause from the judgment sustaining the pleas of prescription and of res judicata, returnable on or before October 11, 1971. Plaintiff was authorized by formal order to proceed in for-ma pauperis without the payment of cost or the posting of bond therefor.
For an understanding of the minutes of the court to which we have referred, we have endeavored to correct the confusion in the use of the words “plaintiff” and “defendant” which probably occurred on account of the fact that this proceeding was erroneously “grafted” onto and originally included within a bound record of another action between the same parties but styled “Auto For Rent, Inc., v. Sam Provenza.”
It is contended by defendant that the law does not permit the filing of two motions for a new trial in the same cause, and that the motion filed on April 28, 1971, as noted in the court minutes of May 5, 1971, should not be given any effect. No law, statutory or otherwise, has been cited in support of this position or to the effect that two motions for a new trial may not be filed. We know of no such rule of law, and our research has failed to disclose any.
In view of defendant’s further contention that the “second” motion for a new trial was not timely filed, it is deemed appropriate to point out that the motion was filed on the second day following the signing of the judgment and was, therefore, timely filed under LSA-C.C.P. Art. 1974, which requires such filing under the circumstances existing here within three days after the signing of the judgment.
Moreover, it is to be noted that no objection or protest whatever was made either to the filing, argument, or submission of the “second” motion for a new trial for *210 the court’s consideration and action. The motion, as heretofore noted, was timely filed. The parties, and counsel, and the trial court itself considered the motion as regularly before the court. No valid objection to its having been so presented and considered was made. We know of none. Had there been appropriate objections to the motion’s filing or consideration, it is neither the duty nor the prerogative of the court to supply them.
For the above-stated reasons, we conclude that the delay for the taking and perfection of the appeal in this cause began the day following the overruling of the “second” motion for a new trial on May 17, 1971. The appeal taken on August 13, 1971, was on the 87th day after the overruling of the “second” motion for a new trial and was, therefore, in our opinion, within the delay specified in LSA-C.C.P. Art. 2087. The motion to dismiss the appeal should accordingly be overruled.
Next for consideration are the pleas themselves, the sustaining of which brought about this appeal.
This action was instituted by the filing of plaintiff’s petition on June 15, 1970. The plea of prescription of one year was invoked by defendant for the reason that more than one year had elapsed following the occurrence giving rise to this action before the suit was instituted.
The last day that an action could normally be instituted, based on the occurrence of an incident on June 14, 1969, was June 14, 1970, a Sunday, a legal holiday (LSA-R.S. 1:55). Hence, plaintiff had the whole of the following day, that is, Monday, June 15, 1970, within which to timely file this action for damages.
In Mansur v. Abraham, 183 La. 633, 164 So. 421, 422 (1935), the court had occasion, through the late Chief Justice O’Niell, to observe that:
“The rule has been established by a consistent line of decisions by this court, the earliest of which decisions was rendered more than a hundred years ago, that, when the last day of a term allowed by law for taking any stated action in a judicial proceeding falls on a Sunday or other legal holiday, the action may be taken on the next day following, as effectively as if taken on the day before the last day of the term.”
See, also, Hebert v. Spano, 233 La. 813, 98 So.2d 199 (1957), and the authorities therein cited.
Hence we find no merit in the plea of prescription.
With respect to defendant’s plea of res judicata, defendant alleged “that this matter has already been tried and judgment rendered in this matter and the peremptory exception of res judicata is specially pleaded.” The burden of proof is upon the pleader, the defendant, to establish the essential facts to sustain the plea. There is no proof of such facts in the record. The record is void of any proof that would indicate this matter has already been adjudicated.
For the reasons assigned, the motion to dismiss the appeal is overruled. The judgment appealed is annulled, avoided, reversed, and set aside; and
It is now ordered, adjudged, and decreed that the pleas of prescription and of res judicata be, and they are now, overruled; and this cause be, and it is now, remanded to the Honorable First' Judicial District Court in and for Caddo Parish, Louisiana, for further proceedings consistent with the views herein expressed and in accordance with law.
Defendant-appellee is assessed with the cost of this appeal. The assessment of all other costs is to await final judgment.
Reversed; pleas of prescription and of res judicata overruled; and this cause is now remanded for further proceedings.