813 So.2d 1148 (2002)
Johnny Mac BOND, Plaintiff-Appellant,
v.
Alton Ray BOND, Defendant-Appellee.
No. 35,971-CA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 2002.
Bobby L. Culpepper & Associates by Bobby L. Culpepper, Jonesboro, Teresa C. Carroll, for Appellant.
Avery & Robinson by Darrell R. Avery, Jonesboro, for Appellee.
Before BROWN, GASKINS & PEATROSS, JJ.
PEATROSS, Judge.
Plaintiff, Johnny Mac Bond, appeals the trial court's sustaining of Defendant's, Alton Ray Bond, exception of res judicata filed in response to his petition to have Defendant account for the value of timber cut from property in which Plaintiff had an undivided one-fifth interest. For the reasons *1149 stated herein, the judgment of the trial court sustaining the exception of res judicata is reversed and the matter is remanded for further proceedings consistent with this opinion.

FACTS
Plaintiff filed suit against Defendant claiming that he is owed $1,863.22 for his interest in the value of timber cut by Defendant from property in which Plaintiff had a one-fifth undivided interest. In his petition, Plaintiff alleged that, instead of paying him his interest of the proceeds in the cut timber, Defendant used the proceeds to pay off debts for which he and Plaintiff were allegedly both responsible.
Plaintiffs petition admits the existence of a prior suit in which the general subject matter of this suit, the timber cut from Plaintiffs property, was also at issue. Plaintiff alleges in the present action that it was determined in the prior suit that the timber was cut without his permission. He also alleges that, in the prior suit, Defendant admitted that he had paid certain debts without Plaintiffs permission and that Plaintiff had a one-fifth interest in the proceeds from the timber.
In response to the present suit, Defendant filed exceptions of lis pendens, res judicata and prescription. As the basis for the exceptions, Defendant submitted that the present suit involved the same parties, the same activities, the same timber, the same subject matter and the same demand as the previous suit. Defendant alleged that a judgment disposing of that prior suit had been signed and was not yet final, giving rise to the exception of lis pendens. Were the judgment to become final in the interim, Defendant alternatively pled the exception of res judicata. Lastly, Defendant pled the exception of prescription, which was apparently the basis for the judgment dismissing the prior case. Defendant did not, however, attach the judgment or any other pleadings from the prior suit to the exceptions.
Despite the fact that neither the judgment nor any part of the suit record from the previous action was ever introduced into evidence by either party, the trial court signed a judgment on September 20, 2001, granting the exception of res judicata, thereby rendering the two other exceptions moot. Plaintiff appeals from that judgment, arguing that the trial court was in error because the judgment from the prior suit was not introduced into evidence in the present suit.

DISCUSSION
The sole issue before this court is whether the trial court erred in sustaining an exception of res judicata when no judgment, nor any part of the prior suit record, on which the exception was based was introduced into evidence. We find that it was error.
La. C.C.P. art. 927(A) provides for the peremptory exception of res judicata. La. C.C.P. art. 931 states that, when the peremptory exception is pled at or prior to trial of the case, evidence may be introduced to support or controvert any of the objections pled, when the grounds thereof do not appear from the petition.
The burden of proof is on the party pleading the exception to establish the essential facts to sustain the plea of res judicata. Thurston v. Thurston, 31,895 (La.App.2d Cir.8/20/99), 740 So.2d 268; Ebey v. Harvill, 26,373 (La.App.2d Cir.12/7/94), 647 So.2d 461; Provenza v. Auto For Rent, Inc., 258 So.2d 208 (La. App. 2d Cir.1972). The cornerstone of res judicata is a valid and final judgment and *1150 La. R.S. 13:4231[1] sets out the circumstances under which a valid and final judgment shall be conclusive between the same parties. When, however, there is no proof of such facts in the record, the plea cannot be sustained. Provenza, supra. In Louisiana Business College v. Crump, 474 So.2d 1366 (La.App. 2d Cir.1985), this court held that, where the trial court had only alluded to the record in the prior suit in overruling an exception of res judicata, but that neither the record nor the resulting judgment from the prior suit had been introduced as evidence, the defendant/exceptor had failed to meet his burden of proof on the exception. Noting that there is no provision in our law for this court to take judicial notice of the suit records in another court, we found it incumbent on the defendant to introduce that document into evidence at the trial court juncture of the proceedings. Louisiana Business College, supra.
As previously stated, in the case sub judice, neither the judgment from the prior suit nor any part of the record in the prior suit was introduced by either party and, therefore, is not part of the record on appeal. We find that it was incumbent on Defendant to introduce the requisite documentary evidence to sustain the plea, without which Defendant could not meet his burden of proof on the exception. We have gleaned from the record that the same trial judge presided over both suits at issue and was, in all likelihood, familiar with the prior suit. While we do not challenge the propriety of a trial judge's taking judicial notice of matters decided within his or her own district, a trial judge's familiarity with a prior suit is not sufficient evidence for this court to affirm the sustaining of an exception of res judicata. Since the record before us is devoid of any proof that would indicate that this matter has already been adjudicated, we cannot review the correctness of the trial court's judgment in sustaining the exception. We must, therefore, reverse the judgment of the trial court on the exception of res judicata, noting that the peremptory exception may be reurged in the trial court in accordance with La. C.C.P. art. 928(B).

CONCLUSION
For the foregoing reasons, the judgment of the trial court sustaining the exception of res judicata is reversed and the matter is remanded for further proceedings consistent with this opinion. Costs are assessed to Defendant, Alton Ray Bond.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] La. R.S. 13:4231 states:

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.