J^FOIL, J.
This workers’ compensation matter involves the disputed claims of two women who are seeking death benefits on behalf of their minor children. On appeal, they challenge the judgment of the Workers’ Compensation Judge denying their motion to nullify two prior judgments awarding death benefits to the decedent’s mother and granting the defendant employer’s peremptory exception of res judicata. For the reasons that follow, the judgment sustaining the exception of res judicata is reversed and the matter is remanded for further proceedings consistent with this opinion.
FACTS AND PROCEDURAL BACKGROUND
On November 27, 1998, Melvin Jones, Jr. was killed in an accident while in the course and scope of his employment as a garbage collector with defendant, North-shore Disposal Services, Co. Following his death, two separate demands for death benefits were presented to Northshore: one by decedent’s mother, Mary Parker Jones, and one by his wife, Precious Jones. At the time of his death, decedent had three allegedly dependent children: Melvin Jones, III and Michael Jones, who were born of his marriage to claimant, Precious Jones; and Jonathan Lewis, the biological son of decedent and Tonya Bick-ham.
In response to the two claims for benefits, Northshore directed several letters to both claimants’ attorneys, requesting the production of documentation supporting their claims. According to Northshore, no response was ever received from either attorney. Without waiving any right to deny the claims, the workers’ compensation carrier paid $5,000 in funeral benefits. Then, on March 25, 1999, Northshore and its compensation carrier filed a disputed claim for compensation to have the com-pensability of the two opposing claims determined by the court. A mediation conference was scheduled by the Office of Workers’ Compensation for April 8, 1999. Ms. Berit Hanna was listed as attorney for Precious Jones and was copied with the notice on or about March 26, 1999. According to Precious Jones, on | ¡¡March 17, 1999, attorney Hanna had informed her via certified letter that her firm would no longer represent Ms. Jones’ interests.
After Precious Jones failed to appear, and Mary Parker Jones came forward claiming that her son had no dependent children, judgment was entered on June 18, 1999, confirming a preliminary default against Precious Jones. Then, a second judgment was entered on August 3, 1999, authorizing a compromise settlement whereby Northshore paid $20,000 to Mary Parker Jones. That judgment decreed *1142 that any other claims for benefits arising out of the death of Melvin Jones, Jr., were thereby dismissed and forever barred.
Some four months later, a disputed claim for death benefits was filed by a new attorney, Henri Saunders, for Precious Jones, on behalf of Melvin and Michael Jones, and for Tonya Bickham, on behalf of her minor son, Jonathan Lewis. North-shore filed a motion to dismiss or, alternatively, a peremptory exception of res judi-cata, and an answer to the two disputed claims.
On May 5, 2000, the WCJ, Delos R. Johnson, Jr., denied the defendant’s motion to dismiss or, alternatively, peremptory exception of res judicata. In reasons for judgment, he stated that there was a question as to the proper service of documents on Precious Jones, which should be heard at a trial of the matter. Northshore filed for supervisory writs with this court, which were denied. Jones v. Northshore Disposal Services Co., 00 CW 1126 (La.App. 1 Cir. 9/11/00).
The matter proceeded toward trial. The claimants filed a motion to nullify the previous judgments entered in connection with the disputed claim filed by North-shore. Oral arguments were heard on the motion on May 21, 2001, and the WCJ, Robert Varnado, Jr., took the matter under advisement. After submission of memoranda, the WCJ denied the claimants’ motion to nullify the prior judgments and declared them to be valid, final and enforceable. The WCJ further granted Northshore’s peremptory exception of |4res judicata and dismissed the disputed claims of Precious Jones and Tonya Bickham. This appeal by Ms. Jones and Ms. Bick-ham followed.
DISCUSSION
On appeal, Precious Jones and Tonya Bickham argue that the August 3, 1999 and June 18, 1999 judgments are absolutely null due to improper service made upon Precious Jones. They further urge that the WCJ erred in reconsidering and granting Northshore’s exception of res judicata. This exception had already been considered and denied by WCJ Delos Johnson on May 5, 2000. Northshore’s petition for supervisory writs was denied by this court on September 11, 2000. Appellants further argue that the exception should not have been granted on rehearing because La. R.S. 13:4231 states that the provision applies only to a valid and final judgment. As argued above, they assert that neither prior judgment was valid.
Certainly, the WCJ erred in granting the exception of res judicata as to Tonya Bickham. La. R.S. 13:4231 bars a second action between the same parties that arises out of the occurrence that was the subject matter of the prior action. Without identity between the parties in the first and subsequent actions, an exception of res judicata will not be maintained. It is undisputed that Tonya Bickham was not a party to this litigation until November 24, 1999. As such, the WCJ erred in maintaining the exception as to her.
We likewise find error in the WCJ’s maintaining the exception of res judicata as to Precious Jones. First, the motion had already been raised and denied by WCJ Delos Johnson. Writs were subsequently denied by this court. Further, as stated in WCJ Johnson’s reasons for judgment, there was, and still remains, a question as to the proper service of documents on Precious Jones, which should be heard at a trial of the matter. The cornerstone of res judicata is “a valid and final judgment.” Whether proper service was made upon Precious Jones in connection with the two prior judgments is a factor that certainly impacts the validity of those judgments.
*1143 | RThe burden of proof is on the pleader to establish the essential facts to sustain the plea of res judicata. The concept should be rejected when doubt exists as to whether a litigant’s substantive rights actually have been previously addressed and finally resolved. Patin v. Patin, 00-0969, p. 5 (La.App. 1 Cir. 6/22/01), 808 So.2d 673, 676. Since we find the presence of such a doubt in this case, we conclude it was error for the WCJ to sustain the exception of res judicata as to Precious Jones.
CONCLUSION
For these reasons, the judgment of the WCJ sustaining the exception of res judi-cata is reversed and the matter is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed to defendant, Northshore Disposal Services, Co.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.