STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 09-1339


SUCCESSION OF DONNIE DEWAYNE CARLTON


**********


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 38,767
HONORABLE MARY LAUVE DOGGETT, DISTRICT JUDGE


**********


SHANNON J. GREMILLION
JUDGE


**********


Court composed of Marc T. Amy, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.


**AFFIRMED.**

**Thomas Overton Wells**
**Attorney at Law**
**1254 Dorchester Drive**
**Alexandria, LA 71315**
**(318) 445-4500**
**Counsel for Appellee:**
**Monica Player**

**Gwenda Renee' Linzay Lamb**
**Attorney at Law**
**434 Dove Cove**
**Alexandria, LA 71303**
**(318) 448-1533**
**Counsel for Appellants:**
**Melba Stuckey Phillips**
**Ellen Fay Wise**

**GREMILLION, Judge.**

The appellants, Melba Stuckey Philips and Ellen Faye Wise (the Aunts), appeal the trial court's grant of summary judgment in favor of Monica Player, finding her brother, Donnie DeWayne Carlton's, testament a nullity. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Donnie Dewayne Carlton was killed in a car accident in September 2008, leaving behind a one-page notarial testament dated June 14, 2008. In July 2009, Philips and Wise, Carlton's aunts, filed a Petition for Probate of Notarial Testament and Petition for Possession. A judgment of Possession was rendered by the trial court in August 2009. That same month, Player filed a Petition to Annul Probated Testament. Thereafter, in September 2009, Player filed a Motion for Summary Judgment urging the nullity of the testament due to the lack of an attestation clause. Affidavits of the witnesses and notary were attached to the motion and recited that the testament was signed in Carlton's and each other's presence before the notary. Following a hearing, the trial court granted summary judgment in favor of Player and annulled its August 4, 2009 Order probating Carlton's testament and the August 4, 2009 Judgment of Possession. The Aunts now appeal. Although they assign multiple errors, they all derive from the seventh assignment of error, to wit, that the trial court erred in granting summary judgment.

## SUMMARY JUDGMENT

On appeal, summary judgments are reviewed de novo. *Magnon v. Collins*, 98-2822 (La. 7/7/99), 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks to determine whether summary judgment is appropriate.

1

*Id.* This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. Art. 966(B) and (C) . This means that judgment should be rendered in favor of the movant if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show a lack of factual support for an essential element of the opposing party's claim. *Id.* If the opposing party cannot produce any evidence to suggest that he will be able to meet his evidentiary burden at trial, no genuine issues of material fact exist. *Id.*

Material facts are those that determine the outcome of the legal dispute. *Soileau v. D & J Tire, Inc.,* 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, *writ denied*, 97-2737 (La. 1/16/98), 706 So.2d 979. In deciding whether certain facts are material to an action, we look to the applicable substantive law. *Id.* Finally, summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P. art. 966(A)(2). The issue of whether the formalities of a will has been met is a question of law.

### DISCUSSION

Louisiana Civil Code Article 1577 states:

> The notarial testament shall be prepared in writing and dated and shall be executed in the following manner. If the testator knows how to sign his name and to read and is physically able to do both, then:

> (1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his testament and shall sign his name at the end of the testament and on each other separate page.

> (2) In the presence of the testator and each other, the notary and the witnesses shall sign the following declaration, or one substantially similar: "In our presence the testator had declared or signified that this instrument is his testament and has signed it at the end and on each other separate page, and in the presence of the testator and each other we have

2

hereunto subscribed our names this _____ day of _____, _____."

"The formalities prescribed for the execution of a testament must be observed or the testament is absolutely null." La.Civ.Code art. 1573.

Carlton's testament bears his signature, two witnesses signatures, and the notary's signature and includes as its final paragraph:

> IN WITNESS WHEREOF, I have signed this, my last will and testament in the presence of the Notary and witnesses named and undersigned.

/s/Donnie D. Carlton
DONNIE DEWAYNE CARLTON

/s/ Penny Smith
/s/ Cecil Philips

Sworn to and subscribed before me this 14th day of June 2008.

/s/ Tammy B. George #78638
Notary Public

Clearly, the legislature intended the signature of the witnesses to be followed by a clause specifically indicating that the testament had been declared by the testator to be his last will and testament in their presence. La.Civ.Code art. 1577. Moreover, the legislature placed such importance on this declaration that failure to do so results in absolute nullity. La.Civ.Code art. 1573. The complete absence of any attestation clause by the witnesses simply cannot be cured. Although this result may seem harsh, failure to adhere to this principle would lead to nullification of the legislature's proclamation. In *Succession of Richardson,* 05-0552, pp.3-4 (La.App. 1 Cir. 3/24/06), 934 So.2d 749, 751, *writ denied*, 06-0896 (La. 6/2/06), 929 So.2d 1265 (footnote omitted) (emphasis added), our colleagues on the first circuit stated:

> In *Succession of Morgan,* 257 La. 380, 242 So.2d 551, 552

3

(1970), the court explained that statutory wills are not founded on the civilian law but rather on common law principles which have as their original source the English Statute of Frauds of 1677. The primary purpose of our statute authorizing this type of will is to afford a simplified means of making a testament whereby the authenticity of the act can be readily ascertained and fraudulent alteration of it will be most difficult. *Id.* at 553. It further stated, "[i]n construing an attestation clause we will not require strict, technical, and pedantic compliance in form or in language."

However, the law regarding the lack of the witness and notary attestation clause is very clear. We concluded in the *Succession of Brown*, 458 So.2d 140 (La.App. 1 Cir.1984), a case on all fours with the present case, that all of the formal requisites for confection of a notarial testament must be observed, under penalty of nullity. Although its form is not sacrosanct, *there must be an attestation clause, or clause of declaration signed by the witnesses and the notary. Id.* at 142.

Here there is no attestation clause or declaration by the notary and th witnesses, reciting that the notary and witnesses signed their names . . . in the presence of the testator and each other. As we concluded in *Succession of Brown*, 458 So.2d at 143, the attestation clause itself, being non-existent, is not in substantial compliance with the article and this substantial defect is fatal to the validity of the will.

Moreover, the Aunts' argument that their and the notary's affidavits cure the concern for fraud or duress still renders meaningless the requirements set forth by the legislature. This argument has been advanced before and failed as it must do so here. *See Richardson,* 934 So.2d 749, and *Succession of English*, 508 So.2d 631 (La.App. 2 Cir. 1987).

Finally, the Aunts' reliance on *Succession of Guezuraga,* 512 So.2d 366 (La.1987) is misplaced and we have addressed this same argument before in *Succession of Slay*, 99-1753 (La.App. 3 Cir. 5/17/00), 764 So.2d 102, *writ denied*, 00-2481 (La.11/13/00), 774 So.2d 144. The significant factor separating *Guezuraga* from the instant facts is that, in *Guezuraga,* there was an attestation clause. The minimum formalities required of La.Civ.Code art. 1577 must be met. Carlton's testament does not meet that requirement and the will is invalid because it lacks an

4

attestation clause.

**CONCLUSION**

There is no question of law that Carlton's testament is absolutely null for want of form. Accordingly, summary judgment was properly granted in favor of the Monica Player. All costs of this appeal are assessed against the plaintiffs-appellants, Melba Stuckey Phillips and Ellen Faye Wise.

**AFFIRMED**.