# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-288

## SUCCESSION OF DONNIE DEWAYNE CARLTON

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 38,767
HONORABLE MARY LAUVE DOGGETT, DISTRICT JUDGE

**********

## PHYLLIS M. KEATY
## JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Phyllis M. Keaty, Judges.

**REVERSED AND REMANDED.**

**Thomas O. Wells**
**Attorney at Law**
**1254 Dorchester Drive**
**Alexandria, Louisiana  71315**
**(318) 445-4500**
**Counsel for Appellees:**
> **Monica Player**
> **Roy A. Carlton**
> **Margie Prather**
> **Shirley Manuel**
> **Shonna Vilo**

**Gwenda R. Lamb**
**Attorney at Law**
**434 Dove Cove**
**Alexandria, Louisiana  71303**
**(318) 448-1533**
**Counsel for Appellant:**
> **Melba Stuckey Phillips**

**KEATY, Judge.**

This is an appeal from a judgment sustaining an exception of res judicata in favor of the movant, decedent's sister, and against decedent's aunt. For the following reasons, we find that the movant did not meet her burden of proving that the claim at issue was barred by res judicata. Accordingly, we reverse and remand.

### FACTS AND PROCEDURAL HISTORY

Decedent, Donnie Dwayne Carlton, died in September, 2008. In July, 2009, two of his aunts, Ellen Wise and Melba Phillips, filed a petition for probate of notarial testament and a petition for possession. The trial court granted a judgment of possession in August, 2009. Also in August, 2009, decedent's sister, Monica Player, filed to annul the probated testament. In September, 2009, she filed a motion for summary judgment, alleging that decedent's testament was null because it lacked an attestation clause. The trial court granted the motion, declared the testament null and annulled its August 2009 order for probate and judgment of possession. Wise and Phillips appealed to this court, and we affirmed the trial court's grant of summary judgment. *See Succession of Carlton*, 09-1339 (La.App. 3 Cir. 4/7/10), 34 So.3d 1015.

In April, 2010, decedent's wife and illegitimate son filed a joint petition for possession in a new suit which spurred Player to file a "Motion for New Trial, Exception of Peremption or In The Alternative Petition to Annul Judgment of Possession, Contempt and Perjury."

Meanwhile, Phillips was allegedly given decedent's Bible, in which she found a second page of decedent's will. Phillips and Wise then filed a petition for probate of notarial testament on July 12, 2010, alleging that the newly-found

second page contained a valid attestation clause[1] and was signed by decedent and the same notary and witnesses on the same date as the first page of the will.

Phillips and Wise filed this document and sought to have it read in conjunction with the previously filed single-page testament that was the subject of our review and ruling in *Succession of Carlton*, 34 So.3d 1015. The petition for probate was denied by the trial court with a note that a conference would be scheduled upon request.

On September 9, 2010, Player filed an exception of res judicata, alleging that the validity of the will had already been adjudicated in the other suit and was a final judgment, and that Phillips and Wise were, therefore, precluded from asking the court to probate the will as a two-page document under the doctrine of res judicata.

On October 11, 2010, at a hearing on Player's rule to annul the probated testament,[2] the trial court discussed the pending exception of res judicata on the record and made several statements concerning its position on the validity of that exception. It did not rule on the exception.

On November 8, 2010, the trial court presided over a hearing on the exception of res judicata. Evidence was not introduced. After hearing argument from counsel for the respective parties, the trial court granted the exception on January 14, 2011.

Phillips now appeals that judgment which sustained Player's exception of res judicata. Additional assignments of error are also before us: that the trial court improperly considered matters not before it on October 11, 2010 and that the trial

---

[1]The single-page will that was the subject of the previous suit was deemed invalid because it did not contain an attestation clause.

[2]This rule was actually a rule to show cause why a public inventory should not be ordered. It was incorrectly captioned.

court improperly denied the order of probate filed July 15, 2010. Finally, Player filed a motion to dismiss a portion of the record and that issue is also before us.

## DISCUSSION

We will begin our discussion with the issue concerning the October hearing. Judgments beyond the pleadings are nullities. *Benware v. Means*, 98-203 (La.App. 1 Cir. 5/12/00), 760 So.2d 641, *writ denied*, 00-2215 (La. 10/27/00), 772 So.2d 650. In this case, the judgment stems from a November 8, 2010 hearing on Player's exception of res judicata. At that hearing, the matter of res judicata was properly before the court, and the subsequent judgment deals exclusively with the matters discussed in the November hearing. There is no relief that we can provide for matters discussed at the October hearing, as that judgment is not before us on appeal. We note that the matters appellant objects to from the October hearing were discussed and then set for a hearing on November 8. They were not decided on October 11. This assignment of error lacks merit.

Player filed a motion to dismiss the portions of this appeal related to the trial court's order dated July 15, 2010, which denied the probate of the testament. Player complains that an appeal of this order is untimely. This court has previously held that "although an interlocutory judgment may itself not be appealable, it is nevertheless subject to review by an appellate court when a judgment which is appealable is rendered in the case." *Firemen's Pension and Relief Fund for City of Lake Charles v. Boyer*, 420 So.2d 1323, 1324 (La.App. 3 Cir. 1982). An interlocutory judgment is defined by La.Code Civ.P. art. 1841 as "[a] judgment that does not determine the merits but only preliminary matters in the course of the action." We find that this order was interlocutory and is subject to our review because it is encompassed within the appealable judgment of January 14, 2011. Accordingly we deny Player's motion to dismiss.

3

Having determined that a review of the July 15 Order is appropriate, we now turn to the question of whether the trial court improperly denied Phillips' motion and order to probate filed on July 12, 2010. Phillips cites La.Code Civ.P. art. 2891 in support of her complaint that the trial court erroneously denied her order of probate. Louisiana Code of Civil Procedure Article 2891 states that "[a] notarial testament . . . [does] not need to be proved. Upon production of the testament, the court shall order it filed and executed and this order shall have the effect of probate." Problematic with this line of reasoning is Phillips' failure to produce the testament. As noted previously, the instant suit is a separate and distinct suit from that involving the single-page testament previously filed for probate. The two suits were not consolidated. The only document filed into the record in support of the petition to probate was the alleged second page of the testament. Reference is made to the first page, but it was not filed into the record in any form. The second page of the testament, containing only an attestation clause, is not "a testament." Therefore, the trial court had no obligation to "order it filed and executed" giving the order the effect of probate. This assignment of error is without merit.

Finally, we must determine whether the trial court erred in granting Player's exception of res judicata. "The res judicata effect of a prior judgment is a question of law that is reviewed de novo." *Morales v. Parish of Jefferson*, 10-273, p. 6 (La.App. 5 Cir. 11/9/10), 54 So.3d 669, 672 (citations omitted).

In order for an exception of res judicata to be sustained, the mover must prove that

> (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

*Burguieres v. Pollingue*, 02-1385, p. 8 (La. 2/25/03), 843 So.2d 1049, 1053.

At the hearing on the exception of res judicata, evidence was not admitted. Although it is obvious from the record that the trial court was familiar with the initial proceedings concerning the validity of the will, a final judgment was not admitted into evidence. "Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal." *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88.

"The burden of proof is on the party pleading the exception to establish the essential facts to sustain the plea of *res judicata*." *Bond v. Bond*, 35,971, p. 3 (La.App. 2 Cir. 4/3/02), 813 So.2d 1148, 1149 (citations omitted). "The cornerstone of *res judicata* is a valid and final judgment and La. R.S. 13:4231 sets out the circumstances under which a valid and final judgment shall be conclusive between the same parties. When, however, there is no proof of such facts in the record, the plea cannot be sustained." *Id.* at 1149-50 (citation and footnote omitted). Because Player failed to introduce a final judgment into evidence at the hearing on her exception, she failed to prove an essential element of res judicata, defeating the exception. The trial court erred when it sustained the exception of res judicata, and we reverse the judgment.

## DECREE

For the foregoing reasons, the judgment of the trial court is reversed and this matter is remanded for further proceedings. Costs are assessed against Monica Player.

**REVERSED AND REMANDED.**