STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 0595

STATE OF LOUISIANA, EX REL. JUSTIN DALE TUREAU

VERSUS

BEPCO, L.P., BOPCO, L.P., CHEVRON U.S.A. INC., CHISOLM
TRAIL VENTURES, L.P. AND HESS CORPORATION, A
DELAWARE CORPORATION

*Consolidated with*

2020 CA 0596

STATE OF LOUISIANA, EX REL. JUSTIN DALE TUREAU

VERSUS

BEPCO, L.P., BOPCO, L.P., CHEVRON U.S.A. INC., CHISOLM
TRAIL VENTURES, L.P. AND HESS CORPORATION, A
DELAWARE CORPORATION

Judgment Rendered:     OCT 0 7 2021

* * * * *

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 661482

Honorable Timothy E. Kelley, Judge Presiding

*McDONALD, J. Concurs in part and dissents in part for the reasons set forth by J. Hester.*

*Holdridge, J. concurs with reasons. by CHH*

*Hester, J. dissents in part and concurs in part with reasons.*

Michael R. Phillips
Louis M. Grossman
Claire E. Juneau
Claudia Carrizales
New Orleans, Louisiana

Charles S. McCowan, III
L. Victor Gregoire
Richard D. McConnell, Jr.
John C. Funderbunk
Kristi D. Obafunwa
Baton Rouge, Louisiana

Loulan J. Pitre, Jr.
Aimee Williams Hebert
Jane A. Jackson
New Orleans, Louisiana

Jonathan A. Hunter
Robert B. McNeal
Elizabeth S. Wheeler
Kelly Brechtel Becker
Erin E. Bambrick
New Orleans, Louisiana

Michael P. Cash
Houston, Texas

Jamie D. Rhymes
Hunter A. Chauvin
Lafayette, Louisiana

Donald T. Carmouche
Victor L. Marcello
John H. Carmouche
William R. Coenen, III
Brian T. Carmouche
Todd J. Wimberley
Ross J. Donnes
D. Adele Owen
Caroline H. Martin
Christopher D. Martin
Michael L. Heaton
Baton Rouge, Louisiana

Jerold Edward Knolls, Sr.
Marksville, Louisiana

Attorneys for Plaintiff-Appellee
Chevron U.S.A., Inc.

Attorneys for Plaintiffs-Appellees
Chisolm Trail Ventures, L.P. &
BEPCO, L.P.

Attorneys for Plaintiff-Appellee
Hess Corporation

Attorneys for Plaintiff-Appellee
BOPCO, L.L.C.

Attorneys for Defendant-Appellant
Justin Dale Tureau

* * * * *

BEFORE: McDONALD, THERIOT, HOLDRIDGE,
WOLFE, AND HESTER, JJ.

2

**THERIOT, J.**

Plaintiff-landowner, Justin Dale Tureau, appeals two judgments of the trial court that sustained peremptory exceptions raising the objection of res judicata filed by defendant, Hess Corporation, and adopted by defendant, Chevron U.S.A., Inc. For the following reasons, we reverse both the January 3, 2020 and January 13, 2020 trial court judgments.

## FACTS AND PROCEDURAL HISTORY

On July 23, 2013, Justin Tureau, along with two other landowner plaintiffs, filed a legacy lawsuit[1] in the 12th Judicial District Court, alleging that they owned three separate, but contiguous, tracts of land in Avoyelles Parish that were contaminated or otherwise damaged by previous oil and gas exploration and production activities. Hess was one of several defendants named in the suit. The suit was removed to the United States District Court for the Western District of Louisiana ("the Western District"), where it was severed into three separate actions, with each plaintiff proceeding separately.

Thereafter, Tureau filed a "First Supplemental and Amending Complaint," adding Chevron as a defendant. Tureau's claims against Hess were dismissed by the Western District in a judgment signed on August 22, 2016, under the subsequent purchaser doctrine as defined in **Eagle Pipe and Supply, Inc. v. Amerada Hess Corp.**, 2010-2267, p. 8 (La. 10/25/11), 79 So.3d 246, 256-57. (This matter is hereafter referred to as **"Tureau I."**)[2]

---

[1] Legacy litigation is brought by landowners, seeking to require oil and gas companies to pay for restoration of land that has been environmentally compromised. These types of actions are known as "legacy litigation" because they often arise from operations conducted many decades ago, leaving an unwanted "legacy" in the form of actual or alleged contamination. Loulan Pitre, Jr., *"Legacy Litigation" and Act 312 of 2006,* 20 Tul. Envt. L.J. 347, 34 (Summer 2007).

[2] **Tureau v. Hess Corp.**, 16-30970 (5th Cir. July 19, 2017), 2017WL5952262.

After his suit was dismissed, Tureau wrote an August 31, 2016 letter in accordance with La. R.S. 30:16 to the Commissioner of Conservation for the State of Louisiana, alleging violations of Statewide Order 29-B[3] on his property. The letter stated that if the commissioner's office did not take action within ten days, he planned to sue the responsible parties for injunctive and other appropriate relief. On September 27, 2016, Tureau sent a second letter reiterating his request that the commissioner file suit under La. R.S. 30:14 and again stating that he would file suit under La. R.S. 30:16 should the commissioner elect not to do so.

After the commissioner did not file suit against the responsible parties within ten days, Tureau filed a "Petition for Damages" in the 12th Judicial District Court under La. R.S. 30:16 for violations of Statewide Order 29-B, naming as petitioner the State of Louisiana *ex rel.* Justin Dale Tureau. The suit was removed to the Western District on diversity of citizenship grounds, and thereafter was voluntarily dismissed by Tureau (This matter is hereafter referred to as "**Tureau II**").

On September 14, 2017, Tureau filed the present action, a "Petition for Injunctive Relief and For Costs and Attorneys Fees," in the 19th Judicial District Court. This petition, like **Tureau II**, was filed by Tureau pursuant to La. R.S. 30:16 for violations of Statewide Order 29-B, with "The State of Louisiana *ex rel.* Justin Dale Tureau" named as petitioner. (This matter is hereafter referred to as "**Tureau III**.") In this petition, Tureau alleged that two tracts of land he owned in Avoyelles Parish were contaminated by the oil and gas exploration and production activities of multiple defendants, including both Hess and Chevron. Tureau sought an injunction ordering remediation of his property and restraining the defendants from further violating Statewide Order 29-B, as well as costs and attorney fees.

---

[3] Statewide Order 29-B is a Department of Natural Resources regulation that "require[s] the registration and closure of existing unlined oilfield pits" and that "various enumerated contaminants in the soil be remediated to certain standards." **Marin v. Exxon Mobil Corp.**, 2009-2368, p. 4 (La. 10/19/10), 48 So.3d 234, 240.

4

**Tureau III** was removed to United States District Court for the Middle District of Louisiana on diversity jurisdiction grounds, but was transferred to the Western District. The Western District determined that diversity jurisdiction existed, but ultimately remanded the matter back to the 19th Judicial District Court on abstention grounds under the **Burford** doctrine, finding the novel claims raised concerned a unique state statutory scheme designated to address interests that are uniquely important to the state.[4] **Tureau v. BEPCO, L.P.,** 404 F.Supp.3d 993, 1002 (W.D. La. 2019).

After the matter was remanded to the 19th Judicial District Court, Hess filed a peremptory exception raising the objection of res judicata, contending that the final judgment rendered in **Tureau I** involved the same parties, as well as the same transaction or occurrence, as Tureau's petition in **Tureau III.** Hess and Chevron also filed peremptory exceptions raising the objection of prescription. In its exception of prescription, Chevron also adopted Hess's exception raising the objection of res judicata.

The defendants' exceptions of res judicata and prescription came before the trial court for a hearing on December 17, 2019. After the hearing, the trial court orally granted the defendants' exception of res judicata. On January 3, 2020, the trial court signed a judgment in conformance with its oral ruling, sustaining Hess's exception of res judicata, denying Hess's exception of prescription as moot, and dismissing all of Tureau's claims against Hess with prejudice. On January 13, 2020, the trial court signed a judgment sustaining Chevron's exception of res judicata, denying Chevron's exception of prescription as moot, and dismissing all of Tureau's claims against Chevron with prejudice. It is from these judgments that Tureau

---

[4] See **Burford v. Sun Oil Co.,** 319 U.S. 315, 318, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).

5

appeals, contending that the trial court erred in sustaining the defendants' res judicata exceptions.

## LAW AND ANALYSIS

Res judicata bars re-litigation of a subject matter arising from the same transaction or occurrence as a previous suit. **Avenue Plaza, L.L.C. v. Falgoust**, 96-0173, p. 4 (La. 7/2/96), 676 So.2d 1077, 1079; see also La. R.S. 13:4231. It promotes judicial efficiency and final resolution of disputes. **Terrebonne Fuel & Lube, Inc. v. Placid Refining Co.**, 95-0654, 95-0671, pp. 11-12 (La. 1/16/96), 666 So.2d 624, 631. Louisiana Revised Statutes 13:4231, which sets forth the general principles regarding res judicata, provides as follows:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The chief inquiry is whether the second action asserts a cause of action that arises out of the transaction or occurrence that was the subject matter of the first action. **Avenue Plaza, L.L.C.**, 96-0173 at p. 6, 676 So.2d at 1080. The Louisiana Supreme Court has also emphasized that all of the following elements must be satisfied in order for res judicata to preclude a second action: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause(s) of action asserted in the second suit existed at the time of final judgment in the first litigation;

6

and (5) the cause(s) of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. **Burguieres v. Pollingue**, 2002-1385, p. 8 (La. 2/25/03), 843 So.2d 1049, 1053. The parties are the same for purposes of res judicata only when they appear in the same capacities in both suits. **Burguieres**, 2002-1385 at p. 10, 843 So.2d at 1054.

The burden of proving the facts essential to support the objection of res judicata is on the party pleading the objection. If any doubt exists as to the application of res judicata, the objection must be overruled and the second lawsuit maintained. **Landry v. Town of Livingston Police Dept.**, 2010-0673, p. 5 (La.App. 1 Cir. 12/22/10), 54 So.3d 772, 776.

When, as here, an objection of res judicata is raised before the case is submitted and evidence is received on the objection, the standard of review on appeal is traditionally manifest error. **Leray v. Nissan Motor Corp. in U.S.A.**, 2005-2051, p. 5 (La.App. 1 Cir. 11/3/06), 950 So.2d 707, 710. However, the res judicata effect of a prior judgment is a question of law that is reviewed *de novo*. **Pierrotti v. Johnson**, 2011-1317, p. 9 (La.App. 1 Cir. 3/19/12), 91 So.3d 1056, 1063. The issue here is the trial court's legal conclusion that the parties are the same in **Tureau I** and **Tureau III**. Therefore, we will conduct a *de novo* review to determine if the trial court was legally correct in sustaining defendants' res judicata exceptions.

The parties do not dispute that the first two elements of res judicata, i.e., a judgment that is both valid and final, were satisfied by the judgment signed on August 22, 2016, in **Tureau I**. However, Tureau contends that the third element of res judicata, which requires that the parties are the same, does not exist in this matter. Specifically, Tureau argues that his appearance in this suit is on behalf of the commissioner under La. R.S. 30:16 and not in the same capacity as **Tureau I** wherein he was pursuing his own claims.

7

Louisiana Revised Statutes 30:14, titled "Suit by commissioner for violation of law; venue; relief obtainable," places on the commissioner the duty to sue to restrain a violation or threatened violation of Louisiana's oil and gas regulations or orders made thereunder. Louisiana Revised Statutes 30:16 allows a person in interest to notify the commissioner of a violation or threatened violation and request that the commissioner sue to enjoin the violation. If the commissioner fails to act, the person in interest may seek injunctive relief to prevent further violations. However, if the suit is successful and the court holds that injunctive relief should be granted, the commissioner shall be made a party and shall be substituted for the person who brought the suit, and the injunction shall be issued as if the commissioner had at all times been the complaining party. Specifically, La. R.S. 30:16, titled "Suit by party in interest upon commissioner's failure to sue," provides:

> If the commissioner fails to bring suit within ten days to restrain a violation as provided in R.S. 30:14, any person in interest adversely affected by the violation who has notified the commissioner in writing of the violation or threat thereof and has requested the commissioner to sue, may bring suit to prevent any or further violations, in the district court of any parish in which the commissioner could have brought suit. If the court holds that injunctive relief should be granted, the commissioner shall be made a party and shall be substituted for the person who brought the suit and the injunction shall be issued as if the commissioner had at all times been the complaining party.

Tureau argues that his claims in **Tureau III** are brought under La. R.S. 30:16 as a "person in interest" seeking a judgment in favor of the commissioner, and not in his own favor like his claims in **Tureau I**. In so arguing, Tureau points out that the statute mandates that the commissioner "shall be made a party" to the suit if an injunction is granted and that the "injunction shall be issued as if the commissioner had at all times been the complaining party." Thus, Tureau contends that he would be retroactively made a non-party should an injunction issue.

While this matter was pending on appeal, a separate panel of this court addressed this identical issue in **State ex rel. Guilbeau v. BEPCO, L.P.,** 2020-0429

8

(La.App. 1 Cir. 9/20/21), ___ So.3d ___. In addressing the applicability of the doctrine of res judicata to suits by a person in interest pursuant to La. R.S. 30:16, the **State ex rel. Guilbeau** court stated:

> In bringing his administrative enforcement action pursuant to La. R.S. 30:16, Guilbeau is seeking relief to which only the Commissioner is entitled. In fact, La. R.S. 30:14 and 30:16 make clear that the right to obtain an injunction restraining the continued violation of the laws of this state with respect to oil or gas, or both, lies with the Commissioner. Louisiana Revised Statute[s] 30:16 permits any "person in interest adversely affected by the violation" to enforce the rights afforded the Commissioner pursuant to La. R.S. 30:14 to bring such an action if the interested party notifies the Commissioner and the Commissioner fails to act. However, La. R.S. 30:16 is clear that the action must be brought in the district court of any parish in which the Commissioner could have brought suit. It further provides that if injunctive relief is granted, the Commissioner shall be made a party and shall be substituted for the person who brought the suit and the injunction shall be issued as if the Commissioner had at all times been the complaining party.
>
> Therefore, according to the plain language of La. R.S. 30:14 and 30:16, in bringing his action pursuant to La. R.S. 30:16, Guilbeau is pursuing claims that belong to the Commissioner and for which only the Commissioner is entitled to relief. As such, Guilbeau is representing the rights of the Commissioner. Conversely, in **Guilbeau I**, Guilbeau was pursuing property damage claims on his own behalf and for which he was seeking to recover damages owed to him. Accordingly, because Guilbeau is not appearing in the same capacity in the instant action as he was in **Guilbeau I**, we find that the trial court erred in sustaining Hess's exception raising the objection of res judicata. See **Burguieres**, 02-1385 at p. 9, 843 So.2d at 1054.

**State ex rel. Guilbeau**, 2020-0429, p. 12, ___ So.3d ___, ___.

Based on the holding of this court in **State ex rel. Guilbeau**, we find that Tureau is not appearing in the same capacity in the instant action as in **Tureau I**. As such, Tureau's claims brought pursuant to La. R.S. 30:16 are not barred by the doctrine of res judicata, and the trial court erred in sustaining Hess's and Chevron's exceptions raising the objection of res judicata. **State ex rel. Guilbeau**, 2020-0429

9

at p. 10-12, --- So.3d ---, ---. As such, we reverse the January 3, 2020 and January 13, 2020 trial court judgments sustaining the exceptions of res judicata.[5]

## CONCLUSION

For the foregoing reasons, the January 3, 2020 judgment, sustaining Hess's exception of res judicata, and the January 13, 2020 judgment, sustaining Chevron's exception of res judicata, are reversed. Appeal costs shall be divided equally between Hess Corporation and Chevron U.S.A., Inc.

**JANUARY 3, 2020 JUDGMENT AND JANUARY 13, 2020 JUDGMENT REVERSED.**

---

[5] Additionally, we note that there is no judgment in the record from **Tureau I**, dismissing Tureau's claims against Chevron. The cornerstone of res judicata is a valid and final judgment. **Jones v. Northlake Disposal Services, Co.**, 2002-0076, p. 4 (La.App. 1 Cir. 12/31/02), 836 So.2d 1140, 1142. The burden of proof is on Chevron, as the party pleading the exception, to establish the essential facts to sustain an exception of res judicata; thus, it was incumbent on Chevron to introduce a valid final judgment into the record. See **Bond v. Bond**, 35,971, pp. 3-4 (La.App. 2d Cir. 4/3/02), 813 So.2d 1148, 1150. Without the final judgment in evidence, Chevron could not meet its burden of proof on the exception and the court erred in sustaining Chevron's exception of res judicata. Nevertheless, since we have reversed the judgment sustaining Chevron's exception of res judicata, this error is of no consequence.

STATE OF LOUISIANA,                        NO. 2020 CA 0595
EX REL. JUSTIN DALE TUREAU
                                           COURT OF APPEAL
VERSUS
                                           FIRST CIRCUIT
BEPCO, L.P., BOPCO, L.P.,
CHEVRON U.S.A. INC.,                       STATE OF LOUISIANA
CHISOLM TRAIL VENTURES,
L.P. AND HESS CORPORATION,
A DELAWARE CORPORATION

Consolidated with

STATE OF LOUISIANA,                        NO. 2020 CA 0596
EX REL. JUSTIN DALE TUREAU
                                           COURT OF APPEAL
VERSUS
                                           FIRST CIRCUIT
BEPCO, L.P., BOPCO, L.P.,
CHEVRON U.S.A. INC.,                       STATE OF LOUISIANA
CHISOLM TRAIL VENTURES,
L.P. AND HESS CORPORATION,
A DELAWARE CORPORATION



**HOLDRIDGE, J., concurring.**

I will respectfully concur in the result in this case. I agree with the majority's holding that the trial court erred in granting the peremptory exceptions raising the objection of res judicata as to Hess's and Chevron's claims for injunctive relief. I disagree with the majority's opinion wherein it adopted the language from **State ex rel. Guilbeau v. BEPCO, L.P.,** 2020-0429 (La. App. 1 Cir. 9/20/21), ___ So.3d ___, ___. Rather, I agree with the dissent. At this stage of the proceedings, Tureau is seeking relief on his own behalf. Under La. R.S. 30:16, the commissioner is not made a party until injunctive relief is granted. ("If the court holds that injunctive relief should be granted, the commissioner shall be made a party and shall be substituted for the person who brought the suit and the injunction shall be issued as if the commissioner had at all times been the complaining party.") Therefore, until the injunctive relief is granted, the plaintiff is in his individual capacity and the res judicata objection would be proper. This is

made obvious by the plaintiff's individual request for attorney's fees and costs. However, in this unique case, whether the exceptions raising the objection of res judicata should be sustained as to the claim for injunctive relief cannot be determined until after the trial.[1] Therefore, I agree with the majority opinion that the trial court's ruling granting the objections of res judicata should be reversed. Under the provisions of La. R.S. 30:16, the objections should be referred to the merits since it is impossible to determine the identity of the plaintiff until the trial court determines whether injunctive relief should be granted. Under the highly unusual provisions of La. R.S. 30:16, the identity of the plaintiff may change dependent upon the result of the trial.

However, in addition to injunctive relief, Tureau sought to recover attorney's fees and costs in this suit for injunctive relief. Under La. R.S. 13:4231,

> a valid and final judgment is conclusive between the same parties ... to the following extent:
>
> . . .
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subsequent matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

The parties do not dispute that the prior judgment in Tureau I is both final and valid. As stated above, the party in this case may change from Tureau to the commissioner after the trial. Therefore, granting the objection of res judicata is not proper at this time as to the request for injunctive relief. However, in this case, the plaintiff has also brought his own claim for attorney's fees and costs. Therefore,

---

[1] The trial court has discretion under La. C.C.P. art. 929 to refer a peremptory exception pleaded before an answer to the trial on the merits as a function of judicial efficiency. See **Short v. Griffin**, 1995-0680 (La. 6/16/95), 656 So.2d 635, 636; **Jimerson v. Majors**, 51,097 (La. App. 2 Cir. 1/11/17), 211 So.3d 651, 659. Moreover, under Uniform District Court Rule 9.8(e) pertaining to motions and exceptions referred to the merits, if a party filing an exception wishes to refer it to the merits, the party shall file an unopposed motion asking that it be referred to the merits. Rule 9.8(e) then states, "If the court finds that the interests of justice would be served by referring the motion or exception to the merits, the court may do so."

we must also inquire as to whether the action for attorney's fees and costs requested by Tureau in this case arises out of the same occurrence as the subject matter of the prior litigation. Otherwise, Tureau may be maintained as the plaintiff and obtain a judgment for attorney's fees and costs which would be barred by res judicata. Clearly, Tureau could have filed his action for injunctive relief on behalf of the commissioner in the same action as his claim for damages. In all cases not governed by La. R.S. 30:16, the action for injunctive relief and attorney's fees and costs would necessarily have been filed with any action for damages in order not to be subject to the objection of res judicata since all of parties would be the same and all actions would arise out of the same occurrence. To the extent that Tureau's request for attorney's fees and costs existed at the time the final judgment was rendered in the previous case and arose from the same occurrence that is the subject matter of this litigation, his request for attorney's fees and costs in this action may be barred by res judicata in accordance with La. R.S. 13:4231. Therefore, I would allow the defendants an opportunity to urge an exception raising the objection of res judicata as to the plaintiff's claim for attorney's fees and costs. Even though this would be a partial grant of res judicata, it is proper in this case when the plaintiff may or may not change depending on the result of the trial.

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 0595

STATE OF LOUISIANA, EX REL. JUSTIN DALE TUREAU

VERSUS

BEPCO, L.P., BOPCO, L.P., CHEVRON U.S.A. INC., CHISOLM
TRAIL VENTURES, L.P. AND HESS CORPORATION, A
DELAWARE CORPORATION

*Consolidated with*

2020 CA 0596

STATE OF LOUISIANA, EX REL. JUSTIN DALE TUREAU

VERSUS

BEPCO, L.P., BOPCO, L.P., CHEVRON U.S.A. INC., CHISOLM
TRAIL VENTURES, L.P. AND HESS CORPORATION, A
DELAWARE CORPORATION

**HESTER, J. dissenting in part and concurring in part.**

I respectfully disagree with the majority's opinion reversing the district court's

granting of the exception of res judicata in favor of Hess. At this point in the litigation,

like in Tureau I, Tureau is the plaintiff and all of the elements of res judicata are met.

In this very case, the United States District Court for the Western District of Louisiana

found that La. R.S. 30:16 does not authorize Tureau to bring a suit *ex rel.* in the name

of the state, rather than on his own behalf, and held that the state was improperly made

a party and has no real interest in the action. **Louisiana ex rel. Tureau v. Bepco,**

**L.P.,** 2018 WL 6843512 (W.D. La. Oct. 15, 2018). In so ruling, the Western District

pointed to **Watson v. Arkoma Dev., LLC.,** 2017-1331, 2018 WL 1311208, at *2

(W.D. La. Feb. 5, 2018), which found that La. R.S. 30:16 does not provide that an

interested person may sue on behalf of or in the name of the state, only that they may sue where the notice conditions are met.

Tureau is not pursuing relief on behalf of the state or commissioner; he is seeking an injunction and remediation of property owned solely by him, as well as attorney fees and costs. As this matter has proceeded, Tureau has argued all of the exceptions, and if this matter were to continue, it would be Tureau involved in discovery, settlement negotiations, trial preparation, and trial presentation. Respectfully, it would be inefficient to proceed with a full trial involving complex issues based on a contingency that the commissioner may be substituted as a party at the end of the litigation when Tureau owns the property at the center of the litigation, has a pecuniary interest in the outcome of the action, and is the party to whom alone the relief sought inures and in whose favor a decree for the plaintiff will effectively operate. See **Missouri, K. & T. Ry. Co. of Kansas v. Hickman**, 183 U.S. 53, 60, 22 S.Ct. 18, 21, 46 L.Ed. 78 (1901). Therefore, I would affirm the judgment of the trial court sustaining Hess's peremptory exception raising the objection of res judicata.

As to Chevron's res judicata exception, as pointed out by the majority, there is no judgment in the record from Tureau I, dismissing Tureau's claims against Chevron.[1] Without the final judgment in evidence, Chevron could not meet its burden of proof on the exception. See **Bond v. Bond**, 35,971 (La. App. 2d Cir. 4/3/02), 813 So.2d 1148, 1150. Accordingly, I concur with the portion of the majority opinion reversing the judgment sustaining Chevron's peremptory exception raising the objection of res judicata.

---

[1] Chevron adopted Hess Corporation's res judicata exception pursuant to La. Code Civ. P. art. 853 in its exception of prescription. Therefore, Chevron's evidence attached to its exception and offered into evidence addressed prescription rather than res judicata, and did not include a final judgment from Tureau I.