MARC E. JOHNSON, Judge.
|2Plaintiffs appeal a judgment of the trial court sustaining an exception of res judica-ta. For the reasons that follow, we vacate the judgment and remand the matter for further proceedings.

FACTS & PROCEDURAL HISTORY

Plaintiffs, Cora Songy, Melvin Bovie, Jannette LaGrange, Elizabeth Johnson, Oscar Bovie, Gene Bovie and Natalie Miller, filed a Petition for Injunctive Relief and Damages on May 3, 2010 against St. John the Baptist Parish (“the Parish”), seeking to enjoin the Parish from constructing any roads or other structures on their property. Plaintiffs alleged they owned certain property located in that portion of Edgard, Louisiana known as “Ti-gerville.” Plaintiffs acknowledged that they previously lost a portion of the land to the Parish when the Parish acquired a sewer servitude, but asserted that they erected a barricade on that portion of the property for which a servitude does not exist to prevent the general ^public and the Parish from using their property without authorization. Plaintiffs maintained that they learned on April 27, 2010 that the Parish removed their barricades and trespassed on their property. They further alleged they learned the Parish intended to construct a road through their property. Accordingly, Plaintiffs sought an injunction and damages.
The Parish responded on August 24, 2012, by filing a Peremptory Exception of Res Judicata. Its exception consisted of one sentence that asserted Plaintiffs’ claims were barred by res judicata because the claims had been decided in a previous case in the 40th Judicial District Court, bearing docket number 50828. Although the exception indicated a copy of the petition and judgment rendered in the previous case was attached, the appellate record does not contain these attachments. Additionally, there is no indication a supporting memorandum of law was filed: Plaintiffs did not file an opposition to the exception.
A hearing on the exception was held on October 9, 2012, with only the Parish appearing. Although the record indicates Plaintiffs’ counsel was served, no one appeared on behalf of Plaintiffs. During the hearing, counsel for the Parish argued that Plaintiffs’ claims were the same claims that were decided in a 2006 judgment involving the same parties and the same property. Counsel also maintained the petitions were almost identical. The trial court expressed some concern and questioned counsel about differences in the parties in the original lawsuit and the present lawsuit, and whether the property addressed in the 2006 judgment was the same property at issue in the present case. Counsel for the Parish answered the trial court’s questions, but never offered any evidence in support of his position.
At the conclusion of the hearing, the trial court found that the 2006 judgment made a determination that the Parish acquired a servitude of passage by .tacit ^dedication of the road and maintained the Parish’s exception of res judicata. In its written judgment, the trial court stated that La. R.S. 13:4231 barred Plaintiffs from re-litigating causes of actions that were previously decided in a valid and final *1161 judgment rendered on June 15, 2006 in Cora Lee Songy, Rita Barre, Nathlie [sic] Miller, Jannette LaGrange, Melvin Bovie, Sr., Elizabeth Johnson, Oscar Bovie, Jr. and Gene A. Bovie v. Mrytle [sic] Roussell, Larry Roussell, Dylan Jackson, Denise Bo-vie, and the Parish of St. John the Baptist, 40th Judicial District Court, case number 50828, Division C. Plaintiffs appeal this judgment.

LAW & ANALYSIS

The doctrine of res judicata is found in La. R.S. 13:4231, and bars a subsequent action when the following elements are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause(s) of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause(s) of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Burguieres v. Pollingue, 02-1385 (La.2/25/03); 843 So.2d 1049, 1053. The party who urges an exception of res judi-cata bears the burden of proving its essential elements by a preponderance of the evidence. Rudolph v. D.R.D. Towing Co., LLC, 10-629 (La.App. 5 Cir. 1/11/11); 59 So.3d 1274, 1277.
The doctrine of res judicata is stricti juris, and any doubt concerning the application of res judicata must be resolved against its application. Bourgeois v. A.P. Green Industries, Inc. 09-753 (La.App. 5 Cir. 3/23/10); 39 So.3d 654, 657, writ denied, 10-923 (La.6/25/10); 38 So.3d 341. The res judicata effect of a prior judgment is a question of law that is reviewed de novo. Morales v. Parish of Jefferson, 10-273 (La.App. 5 Cir. 11/9/10); 54 So.3d 669, 672.
[BWe find we cannot address the merits of the exception in this case because no evidence was introduced into the record at the hearing on the exception. When the grounds for a peremptory exception do not appear from the petition, evidence may be introduced to support or controvert any of the objections pleaded. La. C.C.P. art. 931. In the absence of evidence, the exception must be decided on the facts alleged in the petition, which are accepted as true. Rudolph, 59 So.3d at 1277, quoting Cichirillo v. Avondale Industries, Inc., 04-2894 (La.11/29/05); 917 So.2d 424, 428, n. 7.
In the present case, the grounds for the exception of res judicata do not appear from the petition, which merely states Plaintiffs’ claims against the Parish. Hence, the Parish should have introduced evidence to support its claim of res judica-ta. Insofar as the petition and judgment upon which the exception was based was allegedly attached to the exception, these attachments are not a part of the appellate record. As an appellate court, we are a court of record and may not review evidence that is not in the appellate record or receive new evidence. Denoux v. Vessel Management Services, Inc., 07-2143 (La.5/21/08); 983 So.2d 84, 88-89. Further, evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to pleadings and memoranda do not constitute evidence and cannot be considered. Id. Thus, although the Parish attaches a copy of the 2006 judgment to its appellee brief, we cannot consider it.
Although the trial court could take judicial notice of the prior judgment, which was rendered in its own district, such notice is insufficient evidence for this *1162 Court to affirm the sustaining of an exception of res judicata on appeal. See Bond v. Bond, 35,971 (La.App. 2 Cir. 4/3/02); 813 So.2d 1148, 1150. An essential element of res judicata is a valid and final judgment.- When the trial court simply halludes to a prior judgment in sustaining an exception of res judicata, but neither the record nor the judgment from the prior suit has been introduced as evidence, the defendant/exceptor fails to meet his burden of proof on the exception. Id., citing Louisiana Business College v. Crump, 474 So.2d 1366 (La.App. 2nd Cir.1985).
In the present case, because the grounds for the exception of res judicata do not appear from the petition, and there is no evidence in the record on which this Court can decide the exception, we cannot review the correctness of the trial court’s judgment in sustaining the exception. Therefore, we must vacate the judgment of the trial court; however, we note that the exception may be re-urged in the trial court in accordance with La. C.C.P. art. 928(B).

DECREE

For the foregoing reasons, we vacate the judgment sustaining the Parish’s exception of res judicata and remand the matter for further proceedings.

VACATED AND REMANDED