COUNSEL FOR PLAINTIFF/APPELLANT, WANDA BLACKBURN, Eric M. Carter, Sr.
COUNSEL FOR DEFENDANT/APPELLEE, ANGELAN GREEN, R. Todd Musgrave, Amanda H. Aucoin, New Orleans
COUNSEL FOR DEFENDANT/APPELLEE, RASIER, LLC; RASIER - DC AND RASIER - CA, LLC, Paula M. Wellons, New Orleans
COUNSEL FOR DEFENDANT/APPELLEE, JAMES RIVER INSURANCE COMPANY, James A. Prather, New Orleans, Jason M. Freas, Mandeville
Panel composed of Judges Marc E. Johnson, Robert A. Chaisson, and Hans J. Liljeberg
JOHNSON, J.
*548 Plaintiff seeks review of a judgment sustaining an exception of prescription and dismissing her petition for damages with prejudice. Plaintiff initially filed suit on April 27, 2017 for injuries she sustained on April 29, 2016 when Defendant, Angelan Green, allegedly struck her with Defendant's vehicle while Plaintiff was standing behind her own vehicle. Plaintiff filed a second lawsuit on October 10, 2017 for the same injuries based on the same accident. The first suit was dismissed with prejudice on November 16, 2017 for insufficient service of process. Thereafter, Plaintiff's second lawsuit was dismissed based on prescription. We find that Defendants failed to carry their burden of proving Plaintiff's second lawsuit was prescribed, and the trial court erred in sustaining the exception of prescription. Therefore, we reverse the ruling of the trial court and remand the matter for further proceedings.
FACTS & PROCEDURAL HISTORY[1]
On April 27, 2017, Plaintiff, Wanda Blackburn, filed a petition for damages in the 24th Judicial District Court, Docket No. 771-537, Division "B," against Ms. Green; Ms. Green's employer, Rasier LLC; and their liability insurer, James River Insurance, for injuries resulting from an April 29, 2016 automobile accident that occurred in Jefferson Parish when Ms. Green's vehicle allegedly struck Ms. Blackburn, while she was standing behind her own vehicle. On September 13, 2017, Defendants filed a Declinatory Exception of Insufficiency of Service of Process and Motion for Involuntary Dismissal.
While the declinatory exception was pending in the first lawsuit, Ms. Blackburn filed a second petition for damages on October 10, 2017 in the same court - 24th Judicial District Court, Docket No. 776-704, Division "E" - seeking the same damages for the same April 29, 2016 accident.
Shortly after the filing of the second lawsuit, the trial court held a hearing in the first lawsuit on the declinatory exception of insufficiency of service of process. In a judgment signed on November 16, 2017, the trial court sustained the exception and motion to dismiss and dismissed all of Ms. Blackburn's claims in the first lawsuit with prejudice. Ms. Blackburn did *549 not appeal the November 16, 2017 judgment.
Three months later, on February 16, 2018, Defendants filed an exception of prescription, or alternatively, an exception of res judicata , in the second lawsuit - which is at issue in this appeal. Defendants argued that Ms. Blackburn's second lawsuit was prescribed because it was filed more than one year after the accident. They maintained that under La. R.S. 9:5801, Ms. Blackburn's first lawsuit did not interrupt prescription because her failure to timely request service of the lawsuit was in bad faith. Defendants further urged that the dismissal of the first lawsuit with prejudice resulted in the second lawsuit being barred under the doctrine of res judicata . After a hearing, the trial court sustained the exception of prescription and dismissed Ms. Blackburn's second lawsuit with prejudice. Ms. Blackburn appeals this judgment, which was signed on July 9, 2018.[2]
ISSUES
On appeal, Ms. Blackburn challenges the trial court's ruling sustaining Defendants' exception of prescription. She argues that her first lawsuit, which was timely filed in a competent court of proper venue, interrupted prescription as to the current lawsuit because the trial court never found that she acted in bad faith in failing to timely effect service of the first lawsuit.
Conversely, Defendants urge this Court to find that Ms. Blackburn's lawsuit is barred not only by prescription, but also by the doctrine of res judicata .
DISCUSSION
Prescription
The party asserting an exception of prescription bears the burden of proof. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to prove that the prescriptive period has been interrupted or suspended. McClellan v. Premier Nissan, LLC , 14-726 (La. App. 5 Cir. 2/11/15), 167 So.3d 934, 935.
At the hearing on the exception of prescription, evidence may be introduced to support or controvert the exception when the grounds for the exception do not appear from the petition. La. C.C.P. art. 931 ; Baker v. Louisiana Citizens Property Ins. Corp. , 12-480 (La. App. 5 Cir. 5/16/13), 119 So.3d 69, 72. When evidence is introduced at the hearing, the trial court's findings of fact are reviewed under the manifest error standard. In the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, and those alleged facts are accepted as true. Id.
In the present case, no evidence was introduced by either party during the hearing on the exception of prescription. Although the parties attached various documents to their memoranda in support of and in opposition to the exception of prescription, it is well-settled that documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. See Wilson v. Beechgrove Redevelopment, LLC , 09-1080 (La. App. 5 Cir. 4/27/10), 40 So.3d 242, 244. Evidence not properly and officially offered and introduced cannot be considered on appeal, even if the evidence is physically placed in the record. Because the parties failed to properly submit any evidence, the merits of the exception of prescription must be *550 decided on the facts set forth in the petition.
Ms. Blackburn filed her petition on October 10, 2017, alleging that she sustained injuries in an April 29, 2016 accident. Delictual actions are subject to a prescriptive period of one year, beginning from the day injury or damage is sustained. La. C.C. art. 3492. While the petition was clearly filed beyond the one-year prescriptive period for delictual actions set forth in La. C.C. art. 3492, the petition specifically asserts that Ms. Blackburn filed the original petition on April 27, 2017 - within one year of the accident - in a court of proper jurisdiction and venue, and that the original petition was still pending; thus interrupting prescription of her current petition.[3]
Pursuant to La. C.C. arts. 3462 and 3463, prescription is interrupted by filing suit in a court of competent jurisdiction and venue, and the interruption continues as long as the suit is pending. See also Pullin v. Chauvin , 17-1292 (La. App. 1 Cir. 3/15/18), 244 So.3d 472, 474, writ denied , 18-572 (La. 6/1/18), 243 So.3d 1061. Thus, under the facts alleged in the petition, the petition is not prescribed on its face, and it was incumbent upon Defendants, as movers, to prove the petition was prescribed.[4]
During the exception hearing, Defendants argued that Ms. Blackburn's first lawsuit did not interrupt prescription as to her current petition because it was dismissed for failure to timely request service and that her failure was in bad faith. Under La. R.S. 9:5801, the interruption of prescription is considered never to have occurred as to a defendant who is dismissed from a suit because service of citation was not timely requested and the court finds that the failure to request service of citation was due to bad faith. See Theriot v. Archer Construction, LLC , 17-1304 (La. App. 1 Cir. 4/30/18), 250 So.3d 927, 932 n2, writ denied , 18-843 (La. 9/28/18), 253 So.3d 145. Because Defendants failed to introduce any evidence at the hearing, they failed to meet their burden of proving that the Plaintiff's first lawsuit was dismissed for insufficient service *551 of process and that the Plaintiff acted in bad faith in failing to timely request service of process of her first lawsuit. Accordingly, Defendants failed to prove that Plaintiff's petition was prescribed, and we find that the trial court erred in sustaining the exception of prescription.
Res Judicata
In their appellate brief, Defendants urge this Court to additionally find, on our own motion, that Plaintiff's petition is barred by res judicata . While Defendants alternatively raised a peremptory exception of res judicata at the time they filed their exception of prescription, the trial court never ruled on the exception presumably because it found the Plaintiff's petition was prescribed.
Under La. C.C.P. art. 927, this Court, on our own motion, may notice an objection of res judicata . The doctrine of res judicata , found in La. R.S. 13:4231, precludes relitigation of claims and issues arising out of the same factual circumstances as a previous suit when there is a valid final judgment. Schnell v. Mendoza , 13-922 (La. App. 5 Cir. 5/21/14), 142 So.3d 238, 242. Five elements must be satisfied before res judicata bars a subsequent action: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause(s) of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause(s) of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Bovie v. St. John the Baptist Par., Dep't of Streets & Roads , 13-162 (La. App. 5 Cir. 9/4/13), 125 So.3d 1158, 1161. The party who urges an exception of res judicata bears the burden of proving its essential elements by a preponderance of the evidence. Id.
Similar to a declinatory exception, when the grounds for a peremptory exception do not appear from the petition, evidence may be introduced to support or controvert any of the objections pleaded. La. C.C.P. art. 931 ; Bovie, supra . In the absence of evidence, the exception must be decided on the facts alleged in the petition, which are accepted as true. Id.
In the present case, the grounds for an exception of res judicata do not appear from the petition, which merely states Plaintiff's claim against Defendants and asserts that another suit is pending. Insofar as the judgment upon which the exception is based is attached to Defendants' exception that was filed at the trial court level, this attachment was never properly and officially offered and introduced into evidence at the hearing and, thus, as discussed above, cannot be considered. See also, Bovie, supra .
An essential element of res judicata is a valid and final judgment. Neither the record nor the judgment from the prior suit has been introduced into evidence. Thus, on the record before us, Defendants fail to meet their burden of proof on the exception of res judicata .
DECREE
For the foregoing reasons, we reverse the trial court's July 9, 2018 judgment sustaining Defendants' exception of prescription and dismissing Plaintiff's claims with prejudice. Additionally, based on the record before us, we do not find Plaintiff's petition is barred by res judicata . This matter is remanded for further proceedings.
REVERSED AND REMANDED

The facts regarding the first lawsuit, to the extent the parties agreed, were obtained from the parties' appellate briefs as none of the filings involved in the first lawsuit, Docket No. 771-537, Division "B", were introduced into evidence at any time in the second lawsuit, Docket No. 776-704, Division "E" - which is the subject of the current appeal - and no part of the first lawsuit was made a part of this appellate record.

On motion of the parties, the second lawsuit, Docket No. 776-704, Division "E", was transferred to Division "B", the same division to which the first lawsuit was assigned, on May 15, 2018 - prior to the hearing on the exception of prescription.

Paragraph 15 of the petition states:
Plaintiff timely filed the original petition in this matter on April 27, 2017 in the court of proper jurisdiction and venue. Pursuant to [the] Louisiana Supreme Court in Bordelon v. Medical Center of Baton Rouge , 871 So.2d 1075 (La. 10/21/03) the timely filing of the petition on April 27, 2017 served to interrupt prescription under La. C.C. art. 3462 and under La. C.C. art. 3463 the interruption of prescription continues as long as the suit is pending. At the present time, this suit is still pending and no court in this matter has granted or signed a motion to dismiss pursuant to La. C.C.P. art. 1201.

Compare Wyman v. Dupepe Const. , 08-477 (La. App. 5 Cir. 3/10/09), 10 So.3d 786, affirmed as amended , 09-817 (La. 12/1/09), 24 So.3d 848. In Wyman , the plaintiffs filed a negligence action outside the one-year prescriptive period but within one year of an involuntary dismissal of a prior timely filed suit. The defendants filed an exception of prescription. No evidence was introduced at the hearing on the exception. This Court recognized that the petition was, in fact, not prescribed because the first lawsuit interrupted prescription of the second lawsuit. However, this Court was constrained to find that the plaintiffs' petition was prescribed on its face absent an allegation that a first petition had been timely filed and involuntary dismissed without prejudice. As such, this Court affirmed the trial court's sustaining of the exception of prescription.
The Louisiana Supreme Court granted writs and affirmed this Court's determination that the petition was prescribed on its face and that the plaintiffs failed to carry their burden to show otherwise. But, the supreme court amended this Court's judgment to allow the plaintiffs an opportunity to amend their petition "to allege facts that would show their claim [was] not prescribed."