| | |
|---|---|
| JESSICA BURKE AND SETH MCMILLAN, INDIVIDUALLY AND ON BEHALF OF OLIVER MCMILLAN | NO. 19-CA-544 |
| | FIFTH CIRCUIT |
| VERSUS | COURT OF APPEAL |
| DR. MICHAEL COHEN, ET AL | STATE OF LOUISIANA |

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 787-141, DIVISION "A"
HONORABLE RAYMOND S. STEIB, JR., JUDGE PRESIDING

May 28, 2020

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and Stephen J. Windhorst

<u>**AFFIRMED**</u>
**MEJ**
**SMC**
**SJW**

COUNSEL FOR PLAINTIFF/APPELLANT,
JESSICA BURKE AND SETH MCMILLAN
    Anthony L. Glorioso

COUNSEL FOR DEFENDANT/APPELLEE,
DR. MICHAEL COHEN AND OCHSNER
MEDICAL CENTER - KENNER, LLC
    Nadia M. de la Houssaye

**JOHNSON, J.**

Appellants, Jessica Burke and Seth McMillan, seek review of the trial court's December 17, 2018 judgment sustaining the peremptory exception of prescription of Appellees, Dr. Michael Cohen and Ochsner Medical Center – Kenner, LLC, (collectively "Defendants"). The trial court dismissed Appellants' complaint of medical malpractice with prejudice at their cost. We affirm the trial court's judgment for the reasons below.

*FACTS AND PROCEDURAL HISTORY*

On December 15, 2016, Appellants' son, Oliver, was delivered via natural birth by Dr. Cohen at Ochsner Medical Center in Kenner, LA. Appellants filed a complaint against Defendants on March 15, 2018, alleging that Dr. Cohen was negligent when he failed to deliver Oliver via Caesarian section ("C-section") and instead chose to use forceps during the delivery. In the complaint, Appellants claimed, on or about February 21, 2018, they first learned that Oliver's epilepsy and brain volume loss may have been caused by the use of forceps during his birth while meeting with personnel at Ochsner – Main Campus.

In response, Defendants filed a Petition to Establish Discovery Docket and a Peremptory Exception of Prescription on August 29, 2018. Defendants countered that Appellants' complaint was prescribed on its face because the complaint was filed one year and three months after the alleged malpractice occurred. Defendants also remarked that Oliver had a well child exam on January 6, 2017 and no abnormalities were noted. However, according to Defendants' Memorandum in Support of Peremptory Exception of Prescription, Appellants brought their son to the emergency room due to decreased appetite and failure to latch to breastfeed. Defendants stated that the hospital began to subject Oliver to a battery of tests, including a brain MRI and head ultrasound to discover Oliver's diagnosis.

In their Memorandum in Opposition to the Peremptory Exception of Prescription, filed on September 19, 2018, Appellants again declared that they did not know and had no reason to believe that the delivery method Dr. Cohen employed to deliver Oliver may have been responsible for their son's injuries and condition before February of 2018, and their claim had not prescribed because the complaint was filed less than a month later and within the three-year period after the tort occurred. Appellants also averred that the doctrine of *contra non valentum* should be applied in this case to interrupt prescription. Attached to the opposition memo was a letter from the Patient Compensation Fund ("PCF"), acknowledging Appellants' request for a medical review panel dated March 15, 2018.

The trial on the Peremptory Exception of Prescription was held on November 7, 2018. Appellants objected to Defendants' Reply Memorandum, which was not timely filed, and asked for the trial to be continued if the court was going to consider the pleading. The judge struck the reply memorandum from the record but later allowed Defendants to enter into evidence certified copies of medical records that were attached to the reply memorandum. After taking the matter under advisement, the trial court issued a judgment on December 17, 2018 sustaining the peremptory exception of prescription in favor of Defendants and dismissing Appellants' complaint with prejudice and casting them with costs. In its Reasons for Judgment, the trial court referred to Oliver McMillan's medical records, which included MRI results from January 9, 2017-- a year and two months prior to the filing of the Complaint-- that stated there were "[s]ubdural hematomas overlying the bilateral parieto-occipital regions and posterior aspect of the cerebellum [that] may be related to birth trauma." The trial court also determined that Appellants did not plead with particularity the facts that supported their assertion that they did not learn of Defendant's possible medical malpractice until February 21, 2018.

Appellants then timely filed a Motion for New Trial on December 27, 2018. Attached to the motion was a copy of an email counsel received from defense counsel's law firm showing that the service of their reply memorandum was untimely and a copy of their First and Supplemental and Amended Complaint. At the hearing on the motion on April 17, 2019, Appellants argued that they are not medical professionals and the cause of Oliver's epilepsy may not have been the trauma signaled by the January 2017 MRI results. Appellants maintained that they did not realize the forceps used at birth may have been the cause of Oliver's condition until they were told so by Ochsner staff in February 2018. Counsel for Appellants reminded the court that Defendants' Reply Memorandum was not timely and suggested the proper course of action would be to deny the exception at that time, allow the case to proceed to the Medical Review Panel, and take depositions in order to discover when Appellants had actual or constructive knowledge of a possible tort. Appellants did not enter any documents into evidence at the hearing.

Defendants countered that, according to the previous hearing's transcript, Appellants' only objection to the medical records was attached to the reply memorandum, which Defendants ceded was untimely. According to defense counsel, counsel for Appellants stated on the record that he already had Oliver's medical records and he did not contemporaneously object to the medical records on the grounds that counsel was not in possession of the records before the hearing. Defendants entered into evidence, without an objection, a transcript of the November 7, 2018 trial and urged that Appellants did not present any evidence that would provide a basis for granting their motion for new trial. The judge signed the judgment and Reasons for Judgment on April 30, 2019, but the Notice of Judgment and Reasons for Judgment was not mailed until May 21, 2019. The court denied Appellants' Motion for New Trial. In its Reasons for Judgment, the court noted

that Oliver's medical records indicated that Appellants should have had actual or constructive knowledge of a possible tort. During Oliver's thirty-three day stay in the hospital, which began January 9, 2017, three MRIs were performed. The trial judge explained that both the original and amended complaints were prescribed on their face and the burden of proof shifted to Appellants to show their claim had not prescribed. The court found that Appellants did not plead facts with particularity in the Amended Complaint, which was not entered into evidence, or offer any evidence to support their claim that they first learned that Defendants' action or inaction might be responsible for Oliver's condition.

The trial court found that Appellants were also able to inform medical staff in February 2018 of the child's January 2017 diagnosis, a month after they brought Oliver to the hospital because of what turned out to be a broken femur, over a year later. Appellants also did not introduce and offer any evidence into the record during either hearing other than counsel's letter to the Division of the Administrator, along with the Complaint and the PCF's letter acknowledging receipt of the same. Again, the trial court found in favor of Defendants, dismissing Appellant's claim with prejudice, at Appellants' cost. Appellants then timely filed a motion for appeal from the December 17, 2018 and April 30, 2019 judgments.

*ISSUES*

Appellants argue that the 24th Judicial District Court committed reversible error in arriving at its December 17, 2018 judgment when it admitted evidence initially attached as exhibits to Defendants' reply memorandum, which was submitted untimely and stricken from the record. Appellants also urge the trial court erred when it found that the evidence presented, namely Oliver's certified medical records, was sufficient to prove that Appellants had notice of Defendants' alleged malpractice in January 2017, ruled that their case had prescribed, and dismissed their case with prejudice.

*LAW AND ANALYSIS*

An exception of prescription is a peremptory exception, which a defendant may raise at any time. La. C.C.P. art. 928(B). A health care provider, against whom a medical malpractice claim has been made, may raise the peremptory exception of prescription, pursuant to La. R.S. 9:5628, in a court of competent jurisdiction and proper venue at any time without need for completion of the review process by the medical review panel. La. R.S. 40:1231.8.

"On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." La. C.C.P. art. 931. The standard of review of a trial court's ruling on a peremptory exception of prescription turns on whether evidence is introduced. *Wells Fargo Financial Louisiana, Inc. v. Galloway*, 17-413 (La. App. 4 Cir. 11/15/17); 231 So.3d 793, 800. When no evidence is introduced, appellate courts review judgments sustaining an exception of prescription *de novo*, accepting the facts alleged in the petition as true. *DeFelice v. Federated Nat'l Ins. Co.*, 18-374 (La. App. 5 Cir. 7/9/19); 279 So.3d 422, 426. However, when evidence is introduced at a trial on an exception of prescription, the trial court's findings of fact are reviewed under the manifest error standard. *Id.* "The standard of review of a trial court's finding of facts supporting prescription is that the appellate court should not disturb the finding of the trial court unless it is clearly wrong." *Felix v. Safeway Ins. Co.*, 15-701 (La. App. 4 Cir. 12/16/15); 183 So.3d 627, 631 (citations omitted).

Ordinarily, the party urging prescription bears the burden of proving that the cause of action has prescribed. *Vicari v. Window World, Inc.*, 14-870 (La. App. 5 Cir. 5/28/15); 171 So.3d 425, 435, *writ denied*, 15-1269 (La. 9/25/15); 178 So.3d 570. However, when prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed. *Id.* The

opposing party must then come forward with evidence to show that prescription has not run or has been interrupted or suspended. *Hotard v. Banuchi*, 00-1364 (La. App. 5 Cir. 1/30/01); 784 So.2d 654, 655, *writ denied*, 01-0612 (La. 4/27/01); 791 So.2d 635. Prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be enforced. *DeFelice*, *supra*, at 426.

We find that the trial court did not err when it admitted Oliver McMillian's medical records at the Peremptory Exception of Prescription into evidence, or when it found that Appellants had not met their burden of proof to overcome evidence that Appellants had knowledge of the alleged malpractice more than a year before filing a PCF claim.

In this case, Defendants correctly state in their brief that even if their reply memorandum was timely and not stricken from the record, the medical records and other exhibits attached to the memo still had to be properly offered and introduced into evidence at trial. When considering an exception of prescription, documents simply attached to memoranda do not constitute evidence and cannot be considered as evidence on appeal. *Calamia v. Par. of Jefferson*, 19-270 (La. App. 5 Cir. 12/30/19); 288 So.3d 278, 280; *Bovie v. St. John the Baptist Par., Dep't of Streets & Roads*, 13-162 (La. App. 5 Cir. 9/4/13); 125 So.3d 1158, 1161. Louisiana Code of Civil Procedure Article 931 allows evidence to be introduced to support or controvert any of the objections pleaded on the trial of the peremptory exception pleaded at or prior to the trial of the case. The trial court's proper exclusion of Defendants' reply memorandum not submitted timely pursuant to Louisiana District Courts Rule 9.9 (d) did not preclude Defendants from arguing or presenting evidence at the trial on the Peremptory Exception of Prescription to support their position.

The prescriptive period for medical malpractice actions is set forth in La. R.S. 9:5628, which states in pertinent part:

A. No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital or nursing home duly licensed under the laws of this state, or community blood center or tissue bank as defined in La. R.S. 40:1231.1(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.

Whether the petition is prescribed on its face can be determined when the plaintiff alleges specific dates. *Wells Fargo Fin. Louisiana, Inc. v. Galloway*, 17-413 (La. App. 4 Cir. 11/15/17); 231 So.3d 793, 801. "A petition should not be found prescribed on its face if it is brought within one year of the date of discovery and facts alleged with particularity in the petition show that the patient was unaware of malpractice prior to the alleged date of discovery, and the delay in filing suit was not due to willful, negligent, or unreasonable action of the patient." *Campo v. Correa*, 01-2707 (La. 6/21/02); 828 So.2d 502, 509.

*Contra non valentum* is a Louisiana jurisprudential doctrine under which prescription may be suspended. *In re Med. Review Panel Proceedings of Glover*, 17-201 (La. App. 5 Cir. 10/25/17); 229 So.3d 655, 663. The Supreme Court has recognized four circumstances in which *contra non valentem* prevents the running of prescription: 1) where there is some legal cause which prevented the court or its officers from taking cognizance of and acting on the plaintiff's actions; or 2) where there is some condition coupled with the contract or coupled with the proceedings which prevented the plaintiff from suing or acting; or 3) where the defendant has done some act effectually to prevent the plaintiff from availing himself of his cause of action; or 4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. *In re*

*Med. Review Panel of Gerard Lindquist*, 18-444 (La. App. 5 Cir. 5/23/19); 274 So.3d 750, 754–55, *writ denied*, 19-1034 (La. 10/1/19); 280 So.3d 165.

Here, according to the original Complaint and its attachments, the alleged tortious act took place on December 15, 2016 during Oliver McMillan's birth; Appellants "*later* learned that their son [had] epilepsy and brain volume loss" (emphasis added); discovered that Dr. Cohen's decision not to deliver Oliver via C-section may be the cause of their son's condition on February 21, 2018; and filed their PCF claim on March 15, 2018--one year and three months after the alleged tort occurred. Because Appellants filed suit within one year of the date of discovery, the Complaint was not prescribed on its face. *Id.*

At trial, Defendants properly introduced evidence that suggested that Appellants knew or should have known that Oliver's condition may have been the result of malpractice. Louisiana Revised Statute 13:3714 states certified medical records shall be received in evidence by such court as *prima facie* proof of its contents, provided that the party against whom the bills, medical narrative, chart, or record is sought to be used may summon and examine those making the original of the bills, medical narrative, chart, or record as witnesses under cross-examination. Appellants did not challenge the authenticity or veracity of Oliver's medical records.

In its April 30, 2019 Reasons for Judgment, the trial court observed that the medical records contained documentation that two doctors thought Oliver's subdural hematomas "might be related to birth trauma[,]" and that Oliver was in the hospital for 33 days in January of 2017 and 3 MRIs were performed during that time. The district court determined that "[Appellants] failed to explain why they did not ask what caused or could have caused their son's significant injury for over a year." We cannot say the trial court was clearly wrong when it reasoned that the

certified medical records Defendants entered into the record supported a finding that Appellants' cause of action had prescribed.

This Court has held that, for the purposes of *contra non valentem*, the mere availability of information, in and of itself, cannot serve as sufficient constructive knowledge of a plaintiff's cause of action to start the running of prescription. *In re Med. Review Panel of Gerard Lindquist*, 274 So.3d at 761. Specifically, we stated:

> In analyzing the reasonableness of a plaintiff's action or inaction, and the distinction between what the plaintiff actually knew and what the plaintiff could have known by further research, the Louisiana Supreme Court has stated, "the law of prescription references what a plaintiff knew or should have known about his potential cause of action not what he could have known."

*Id*. (citations omitted).

However, the facts of the case *sub judice* are distinguishable. First, in *In re Med. Review Panel of Gerard Lindquist*, no evidence was introduced by the parties prior to the trial court's ruling at the hearing on the exception of prescription. Thus, our standard of review was *de novo* in that case. Second, in that case, the defendants unsuccessfully argued that the plaintiff, who was not a medical professional, should have been able to interpret x-rays of the area where he received treatment, in plaintiff's possession, and detect a metal object had been left in his back after surgery.

In the instant case, a previously healthy three-week old child experiencing seizure-like activity and other serious health issues was taken to the emergency room for diagnosis and treatment. The trial court remarked that "[Appellants] contend without proof that they did not ask what caused or could have caused the hemorrhage after any of those MRIs." The trial court was not manifestly erroneous when it concluded that Appellants "knew or should have known through the exercise of reasonable diligence that [the child's] problem may have been

caused by acts of malpractice [. . . considering their] education, intelligence, the severity of the symptoms, and the nature of the defendant's conduct." *See*, *Campo v. Correa*, 828 So.2d at 511.

Appellants insist that, in this case, the fourth circumstance of the *contra non valentum* doctrine should be applied to interrupt prescription. In the Complaint and the Amended Complaint, Ms. Burke and Mr. McMillan state that they first learned on February 21, 2018 that their son's condition was caused, at least in part, by the failure to perform a C-section and the use of forceps during birth from Ochsner – Main Campus and Ochsner Pediatric Clinic staff. But, Appellants did not offer and introduce any evidence, not even the complaints themselves, into record to support that assertion at the trial on the peremptory exception, or at the hearing on the motion for new trial. Evidence not properly offered and introduced cannot be considered, even if it was physically placed in the record. *Calamia,* 288 So.3d at 280; *Bovie*, 125 So.3d at 1161.

Because Defendants properly introduced competent evidence to support the notion that Appellants' cause of action had prescribed, and Appellants did not introduce any evidence in support of their claim that their date of discovery of possible malpractice was reasonable in this matter, we find that the trial court properly found that Appellants' cause of action had prescribed.

### DECREE

For the foregoing reasons, we find that the trial court did not err when it admitted the certified medical records at trial and sustained Defendants' peremptory exception of prescription. Appellants are to bear the costs of this appeal.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MAY 28, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-CA-544

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. RAYMOND S. STEIB, JR. (DISTRICT JUDGE)
NADIA M. DE LA HOUSSAYE (APPELLEE)

**MAILED**
ANTHONY L. GLORIOSO (ATTORNEY)
412 DOLHONDE STREET
GRETNA, LA 70053