JADALLAH SAED

VERSUS

ROBERT G. HARVEY, SR.,
OMAR HAMDEN, FATMAH HAMDAN

NO. 21-CA-399

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 810-710, DIVISION "L"
HONORABLE DONALD A. ROWAN, JR., JUDGE PRESIDING

March 09, 2022

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Robert A. Chaisson,
Stephen J. Windhorst, and Hans J. Liljeberg

<u>**JUDGMENT VACATED; REMANDED**</u>

    **RAC**
    **SJW**
    **HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
JADALLAH SAED
    Jimmy A. Castex, Jr.
    John B. Esnard, III
    Gothard K. Reck
    Jack E. Morris

COUNSEL FOR DEFENDANT/APPELLEE,
OMAR HAMDAN
    Jacob K. Weixler

**CHAISSON, J.**

Plaintiff, Jadallah Saed, appeals the dismissal of his breach of contract action against defendant, Omar Hamdan,[1] on an exception of no right of action. For the reasons that follow, we vacate the February 8, 2021 judgment of the trial court and remand the matter for further proceedings consistent with this opinion.

**PROCEDURAL HISTORY**

On September 30, 2020, Mr. Saed filed a petition for damages against Robert G. Harvey, Sr., Omar Hamdan, and Fatmah Hamdan, alleging breach of contract. The petition specifically alleged that on November 15, 2013, Mr. Saed entered into several written agreements, including an Assets Purchase Agreement and an Assignment of Membership Interest, through which Mr. Saed acquired defendants' interest in a gas station, convenience store, and strip center on Chef Menteur Highway and all interest that defendants had in Wagner Chef, LLC. In the petition, Mr. Saed asserted that defendants breached the sale documents because they allegedly failed to transfer the businesses free and clear of liabilities, liens, and encumbrances.

On November 13, 2020, Omar Hamdan filed a peremptory exception of no right of action seeking dismissal of Mr. Saed's petition pursuant to La. C.C.P. art. 425.[2] In particular, Omar Hamdan alleged:

> Mr. Saed previously asserted this same claim against Mr. Harvey in a 2014 litigation in Orleans Parish which was later tried to a final judgment. Mr. Saed's action is barred by Article 425 because the article required Mr. Saed to assert any and all then-existing claims in the Orleans Parish lawsuit arising out of the parties' purported failure to deliver Wagner Chef free and clear. Because he failed to do so, his claims are now barred and Mr. Hamdan's exception should be sustained.

---

[1] Throughout the proceedings, Omar Hamdan's last name is spelled both as "Hamdan" and "Hamden." However, in the pleadings filed by Omar Hamdan in the trial court and in his appellate filings, Mr. Hamdan consistently spells his last name as "Hamdan." Therefore, in this opinion, his name will be spelled as "Hamdan."

[2] La. C.C.P. art. 425(A) provides: "A party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation."

Mr. Hamdan attached several exhibits to his peremptory exception and memorandum in support thereof, including: the "First Amending and Supplemental Petition for Declaratory Judgment" filed in the Orleans Parish lawsuit (Exhibit A); letter to Mr. Harvey setting forth the terms of the agreement to purchase and sell (Exhibit B); the "Assignment of Membership Interest in Wagner Chef, LLC" (Exhibit C); the "Notice of Signing of Judgment" and the "Judgment" of the Orleans Parish Civil District Court rendered in favor of Brothers Petroleum on September 4, 2019, and signed on September 23, 2019 (Exhibit D).

Mr. Saed filed an opposition to Mr. Hamdan's exception on the grounds that La. C.C.P. art. 425 does not apply to this case because Mr. Saed was not a party to the Orleans Parish lawsuit, and the claims raised in the instant action are unrelated to the issues asserted in the previous lawsuit involving Brothers Petroleum. Further, Mr. Saed maintained that Mr. Hamdan did not meet his burden of proof on the exception. With his opposition, Mr. Saed submitted, under seal to the court, a "Settlement and Release Agreement" that was executed on the same day as the Assets Purchase Agreement (Exhibit 1).

In his reply memorandum, Mr. Hamdan asserted that La. C.C.P. art. 425 does apply to this case and attached two pleadings from the Orleans Parish lawsuit to his reply memorandum, including a "Second Amending and Supplemental Petition for Declaratory Judgment and for Damages for Breach of Contract" (Exhibit A) and an "Ex Parte Unopposed Motion to Sever Claims for Trial and Incorporated Memorandum" (Exhibit B).

The trial court conducted a hearing on the exceptions on February 8, 2021. At the hearing, the parties offered the same arguments that were made in their memoranda and made references to the documents attached to their pleadings. After taking the matter under advisement, the trial court, on February 8, 2021, sustained Mr. Hamdan's exception of no right of action pursuant to La. C.C.P.

art. 425, and dismissed, with prejudice, Mr. Saed's claims against Mr. Hamdan.[3] Mr. Saed thereafter filed a motion for new trial from the February 8, 2021 judgment sustaining the exception of no right of action, which the trial court denied.

Mr. Saed now appeals. He contends that the trial court erred in sustaining the exception of no right of action and in dismissing his claims with prejudice without allowing him an opportunity to amend the petition. With regard to the trial court's sustaining of the exception of no right of action, Mr. Saed specifically asserts the following arguments:

a. Saed's petition discloses rights of action against Hamdan for breaches of the Assets Purchase Agreement, breaches of the Assignment of Membership Interest in Wagner Chef, LLC, and contractual indemnity;

b. Saed's rights of action against Hamdan are not precluded by the judgment rendered in the prior litigation against Brothers Petroleum because the fuel service agreement between Brothers Petroleum and Wagner Chef was a different transaction or occurrence than the Assets Purchase Agreement and Assignment of Membership Interest between Saed and Hamdan; and

c. Saed's rights of action against Hamdan are not precluded by the judgment rendered in the prior litigation against Brothers Petroleum because Hamdan was not a party to that litigation.

## LAW AND ANALYSIS

In the present case, we are unable to reach the merits of the appeal because the evidence relied upon by the parties at the hearing on the exception of no right of action was not introduced at the February 8, 2021 hearing. La. C.C.P. art. 931 provides: "On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." At the hearing on the exception in the present case, the parties attached numerous

---

[3] Mr. Hamdan had filed an alternative exception of no cause of action. After sustaining Mr. Hamdan's exception of no right of action, the trial judge found the exception of no cause of action to be moot.

documents to their memoranda and referenced those documents during their arguments at the hearing. However, the transcript from the February 8, 2021 hearing reflects that these documents were never offered or introduced into evidence. In addition, both parties acknowledge that the documents presumably relied upon by the trial judge for its ruling were not introduced at the hearing.

Pursuant to La. C.C.P. art. 2164, an appellate court must render judgment upon the record on appeal. The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, judgments, and other rulings, unless otherwise designated. La. C.C.P. arts. 2127 and 2128. *Deutsche Bank Nat'l Trust Co. ex rel. Morgan Stanley ABS Capital I, Inc. v. Carter*, 10-663 (La. App. 5 Cir. 1/25/11), 59 So.3d 1282, 1285, *writ denied*, 11-392 (La. 4/8/11), 61 So.3d 691.

It is well-settled within Louisiana jurisprudence that documents attached to memoranda of law submitted in connection with a peremptory exception do not constitute evidence and cannot be considered on appeal. *Caro v. Bradford White Corp.*, 96-120 (La. App. 5 Cir. 7/30/96, 678 So.2d 615, 618. Evidence not properly and officially offered and introduced at the hearing on a peremptory exception cannot be considered, even if it is physically placed in the record. *King v. Blue Haven Pools of Louisiana Inc.*, 21-189 (La. App. 5 Cir. 12/22/21), __ So.3d __.

In the present case, since the record does not contain any of the documents relating to the Orleans Parish lawsuit, which were relied on by the parties at the hearing of the exception, we are unable to address the merits of this case. On appeal, Mr. Hamdan suggests that this matter can still be decided on appeal based on the allegations set forth in the petition, regardless of whether the trial court considered or the parties introduced the evidence at the hearing on the exceptions. However, having reviewed the petition, we find that the grounds for the exception

of no right of action do not appear from the petition. Thus, because the grounds for the exception of no right of action do not appear from the petition, and there is no evidence in the record on which this Court can decide the exception, we cannot review the correctness of the trial court's judgment sustaining the exception. Therefore, we must vacate the February 8, 2021 judgment of the trial court sustaining Mr. Hamdan's exception of no right of action.

We note that Mr. Hamdan has filed a "Motion to Remand and Suspend Briefing Delays" in this Court. In his motion, Mr. Hamdan acknowledges that the documents were not formally introduced in the trial court at the hearing on the exception of no right of action and requests that this Court remand the matter for correction of the error prior to the submission of the appeal. However, in similar circumstances, where the grounds for the exception did not appear in the petition and no evidence was introduced to support the exception at the hearing, this Court has vacated the judgment of the trial court and remanded for further proceedings. *See Bovie v. St. John the Baptist Par., Dep't of Streets and Roads*, 13-162 (La. App. 5 Cir. 9/4/13), 125 So.3d 1158. We therefore deny Mr. Hamdan's motion to remand for correction of the error prior to the submission of the appeal.

**CONCLUSION**

For the foregoing reasons, we vacate the judgment of the trial court sustaining Mr. Hamdan's exception of no right of action and remand the matter for further proceedings consistent with this opinion. We further deny Mr. Hamdan's "Motion to Remand and Suspend Briefing Delays."

**JUDGMENT VACATED;
REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MARCH 9, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-CA-399

**E-NOTIFIED**

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD A. ROWAN, JR. (DISTRICT JUDGE)
JACK E. MORRIS (APPELLANT)          JACOB K. WEIXLER (APPELLEE)

**MAILED**

ROBERT G. HARVEY, SR.  (APPELLEE)          GOTHARD K. RECK (APPELLANT)
600 NORTH CARROLLTON AVENUE               JIMMY A. CASTEX, JR. (APPELLANT)
NEW ORLEANS, LA 70119                      JOHN B. ESNARD, III (APPELLANT)
                                           ATTORNEYS AT LAW
                                           650 POYDRAS STREET
                                           SUITE 2415
                                           NEW ORLEANS, LA 70130